JACQUES E. VERGES, Respondent, v. ANDREW GIBONEY, Appellant.

*Payment—Legal Tender—Mortgage.*—United States notes are a legal tender in payment of debts contracted before the passage of the act of Congress ; and if a mortgagee refuse to accept such payment when tendered, he may be compelled to accept payment and enter satisfaction of the mortgage. (See *ante* Appel v. Woltmann et al. 194.)

*Appeal from Cape Girardeau Circuit Court.*

*Krum, Decker & Krum* with *T. B. English*, for appellant.

All legislative acts should be construed prospectively, unless the act itself makes the law retrospective. The act of Congress of 1861 concerning legal tender notes is prospective, and was not intended to apply to debts due at the time of its passage. The decree made is defective ; it releases the land from all encumbrance created by the deed, and fails to secure to appellant even the amount of the debt with interest.

*Glover & Shepley*, for respondent.

The only question raised in this case is whether a contract entered into prior to the passage of the act of Congress making Treasury notes a legal tender in the payment of debts, stands unaffected by the provisions of that act. If that be assumed, it is very difficult to see upon what basis it can be

contended, that contracts made prior to the act of 1862 are not affected by its provisions.

When a contract is made payable in money, it is necessarily made subject to the laws of the country prescribing what is money. When Congress reduced the standard of gold and silver, so that there was a very considerable difference between the value of all denominations coined before and after the passage of that act, no one ever pretended that contracts made before the passage of that act were not affected by that act, or that the holders of them could demand the coin authorized at the time the contract was made.

If Congress is supreme in this matter of declaring with what debts may be paid, then necessarily their action must control all contracts whenever made.

Metropolitan Bk. v. Vay Dyck, 27 N. Y. 400, on the general question ;—Buckbagger v. Shultz, 13 Mich. 420; Shœnberger v. Watts, 10 Law. Reg. 553, in which its application to contracts made before the act of 1862 was passed is considered, as it is also in the following : Warinbold v. Schlectroy, 16 Iowa, 244; Wood v. Ballar, 6 Allen, 516 ; Schellarberger v. Brinton, 13 Law Reg. 591 ; Kempton v. Bronson, 45 Barb. Sup. R. 618 ; Wilson v. Morgan, 30 How. Pr. 386.

FAGG, Judge, delivered the opinion of the court.

This is an action in the nature of a bill in equity to redeem certain property alleged to have been mortgaged by the respondent Verges to the appellant. The pleadings in the case present substantially but one issue for trial, and the only one to be considered here.

The petition of the respondent sets out at length, that he and his wife, in the year 1857, executed a deed of mortgage conveying certain real estate therein described to the said Giboney, to secure the payment of a certain note described, and which was executed by respondent in favor of the appellant, said note being due and payable in one year thereafter; that in January, 1865, by his duly authorized agent he had tendered to Giboney a sum of money more than sufficient to

pay off the whole amount of principal and interest then due upon the note ; that Giboney refused to receive the money and enter satisfaction of the mortgage as he was requested to do, and thereupon Verges commenced his suit, bringing the amount of money into court, and praying that the mortgage be discharged, and that he be restored to the unencumbered title of the land, &c.

The answer contains simply a denial of the tender of the money, or any knowledge of the fact that Nicholas Albert (who was alleged to have made the tender) was the duly authorized agent, &c., and therefore all of the other facts and allegations contained in the petition are to be taken as confessed. This brings us directly to the consideration of the real question to be determined here, viz. : Can a contract for the payment of money, made prior to the passage of the act of Congress making Treasury notes a legal tender in the payment of debts, be affected by the provisions of that act ? The principles involved in the settlement of this question have been so frequently discussed and settled by a majority of the State courts, including our own, that it is not deemed necessary to re-argue them at this time.

It is sufficient to say that it has been held with great unanimity, that the act referred to was constitutional and binding ; that having provided for two different and distinct mediums of payment, and clothed both with the attributes of a legal tender, the debtor might make his election between them, and the creditor is bound thereby, and this will apply to contracts made prior to as well as subsequent to the passage of the act. The cases of Riddlesbarger v. McDaniel and Appel v. Woltmann, decided at the last March term of this court, are particularly referred to as showing the reasons for the conclusions arrived at in those cases and which will apply with equal force in the present case.

From these premises, it is manifest that the first instruction given by the court at the instance of the appellant was erroneous. It is as follows : " United States Treasury notes, or greenbacks, are not a legal tender for the payment of debts

contracted *prior* to the act of Congress authorizing such issues."

Notwithstanding the law was thus improperly stated, yet the court, sitting as a jury, seems to have disregarded its own declaration and found according to the law. The facts were fully found by the court, and the decree properly rendered for the respondent.

Judgment affirmed. The other judges concur.