JACQUES VERGES, Defendant in Error, *v.* ANDREW GIBONEY, Plaintiff in Error.

2. *Mortgages, satisfaction of entered on record — Ten per cent. damages.—* Whenever any person whose property stands encumbered on the records has paid off and made full satisfaction of the mortgage or deed of trust constituting the encumbrance, he is entitled to have that satisfaction entered on the margin of the record, in order that he may exhibit a clear title, and that persons examining the records may not be misled. In case satisfaction is not entered he will be entitled to ten per cent. damages, whether the payment was received voluntarily or effected through the machinery of the courts.

*Error to Second District Court.*

*Dennis & Wilson*, for defendant in error.

*Ranney & Houck*, for plaintiff in error.

WAGNER, Judge, delivered the opinion of the court.

It appears by the record that the plaintiff and his wife, in the year 1857, executed a mortgage conveying certain real estate therein described to the defendant, to secure the payment of a note; that in 1865 plaintiff, by his duly authorized agent, tendered to defendant a sum of money fully sufficient to pay off the whole amount of principal and interest then due on the note.

The defendant refused to receive the money and enter satisfaction of the mortgage as he was requested to do, claiming that the debt was due and payable in gold coin, and that the tender was made in United States treasury notes. Upon this refusal plaintiff commenced his suit in the Circuit Court, bringing therein and depositing the amount of money, praying that the mortgage be discharged, and that he be restored to the unencumbered title of the land, etc. Upon a hearing of the case the court granted the relief prayed for, and rendered judgment for the plaintiff; upon which the defendant appealed to this court, where the judgment was affirmed. (Verges v. Giboney, 38 Mo. 458.)

After these proceedings, and the payment of the debt as aforesaid, the plaintiff caused notice to be served on the defendant, requesting him within thirty days to enter satisfaction of the mortgage on record or execute a deed of release therefor, and also tendered the necessary amount to defray the expenses. The defendant refused to comply with the request, and failed to either enter satisfaction of record or execute a release, whereupon this action was commenced to recover the statutory penalty of ten per cent., and also claiming damages.

Judgment was given awarding the ten per cent. upon the amount of the note, and from this judgment the cause is brought here on writ of error. Section 14 of the statute in relation to mortgages and deeds of trust provides that if any mortgagee, trustee, or *cestui que trust*, his executor, administrator, or assignee, receive full satisfaction of any mortgage or deed of trust, he shall, at the request and cost of the person making the same, acknowledge satisfaction of the mortgage or deed of trust on the margin of the record thereof, or deliver to such person a sufficient deed of release of the mortgage or deed of trust. And it is declared in section 15, that if any such person thus receiving satisfaction do not, within thirty days after request and tender of cost, acknowledge satisfaction on the margin of the record, or deliver to the person making satisfaction a sufficient deed of release, he shall forfeit to the party aggrieved ten per cent. upon the amount of the mortgage or deed of trust money, absolutely, and any other damages he may be able to prove he has sustained,

to be recovered in any court of competent jurisdiction. (2 Wagn. Stat. 956, §§ 14, 15.)

Whenever any person whose property stands encumbered on the records has paid off and made full satisfaction of the mortgage or deed of trust constituting the encumbrance, he is entitled to have that satisfaction entered on the margin of the record, in order that he may exhibit a clear title, and that persons examining the records may not be misled. And so far as this matter is concerned, I can not see that it makes any difference whether the payment was received voluntarily or effected through the machinery of the courts. The records of conveyances are usually and primarily resorted to for the purpose of examining titles, and they ought to show the exact state of the title. It frequently happens that people are unwilling to purchase where there is a seeming encumbrance on the property according to the record, as the evidence shows was the case here; the plaintiff having lost an opportunity to sell, because the satisfaction of the mortgage was not entered on the record as it should have been. To prevent all injury and inconvenience, and to show clearly the actual state of existing titles, the statute was enacted, making it imperative on mortgagees, etc., when they received payment to acknowledge that fact, so that at the very place where the encumbrance was recorded the extinguishment should also be placed. And in case of refusal to perform this plain duty, a forfeiture was prescribed. In my opinion the defendant was liable within the provisions of the statute, and the judgment should be affirmed.

Judgment affirmed. The other judges concur.