**Charles M. KLINGINSMITH, and B.J. (Bill) Kilburn, Appellants,**

v.

**MISSOURI DEPARTMENT OF CONSUMER AFFAIRS, REGULATION AND LICENSING, DIVISION OF INSURANCE, and Missouri Medical Service, a corporation, Respondents.**

**No. WD 36038.**

Missouri Court of Appeals,
Western District.

May 14, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied July 2, 1985.

Application to Transfer Denied Aug. 7, 1985.

Thomas J. Downey, Jefferson City, for appellants (Klinginsmith and Kilburn).

Dwain A. Akins, Jefferson City, for respondent (Dept. of Consumer Affairs).

Joseph J. Simeone, J. Jackson Sisk, Matthew G. Perlow, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, for respondent (Missouri Medical Service).

Daniel P. Card, II, David B. Lacks, St. Louis, for amicus curiae (Missouri Psychological Assoc.).

Before CLARK, P.J., and KENNEDY and LOWENSTEIN, JJ.

CLARK, Presiding Judge.

This is a suit for declaratory judgment seeking a determination of whether a health services corporation is obligated to include chiropractic treatments as a covered benefit for members. The trial court found the issues in favor of defendants and plaintiffs appeal. Reversed.

■ The facts of the case were stipulated. B.J. Kilburn was a member and beneficiary of a Blue Shield group plan issued by respondent, Missouri Medical Services. In July and August, 1981, Kilburn sought and was furnished treatment by Charles M. Klinginsmith, a practitioner of chiropractic. A bill of $220.00 for those treatments was submitted to Missouri Medical Services but was rejected on the ground that chiropractic manipulations are not included in the Blue Shield schedule of covered benefits. This suit followed.[1]

The petition in amended form as ruled by the trial court sought a declaration that health services corporations, such as Missouri Medical Services, operating under Chapter 354, RSMo.1978[2] are required by Missouri statute law to include chiropractic services as a covered benefit (a) when the services are rendered in treatment of an ailment otherwise covered by the health care plan, and (b) when the ailment is one which a licensed chiropractor is authorized to treat. As additional relief, the petition sought a declaration that respondent Missouri Department of Consumer Affairs, Regulation and Licensing, Division of Insurance has a duty to apply anti-discrimination statutes, § 375.934 and § 375.936, to health services corporations and to invoke sanctions for non-compliance.

An understanding of the origin of this controversy requires first an explanation of the somewhat artificial distinction made between health services corporations and insurance companies. A health service corporation is, in the case of Blue Shield, for example, an association of participating physicians. A member-beneficiary is entitled by his contract and the payment of a premium to certain health services for specified injuries and illnesses. The member may choose to obtain treatment from a participating physician, in which case Blue Shield pays the bill by remittance to the physician. The member also has the choice of seeking treatment from a non-participating physician. In that event, the member pays the charge made by the doctor and obtains reimbursement from Blue Shield. Health services corporations maintain and Chapter 354 recognizes that they are distinguishable from insurance companies because they provide medical, surgical and hospital services, not indemnity against losses. The trial court relied on this distinction in its ruling that Missouri Medical Services was entitled to specify in its con-

---

1. The petition was originally filed by Klinginsmith. Thereafter, Kilburn joined the proceeding as a plaintiff. Respondents moved to dismiss the action on the part of Klinginsmith because he had no legally protectable interest in the health services contract. The trial court agreed. Although appellants complain of the dismissal in one of their points of error, we do not reach the issue. The suit retains equal vitality with or without Klinginsmith's participation because the declaration of rights to be entered by judgment in favor of Kilburn resolves all issues. The claims by Klinginsmith become moot. A question is moot when, if judgment be rendered thereon, it would not have any practical effect on any then existing controversy. *Lawyers' Ass'n of St. Louis v. City of St. Louis,* 294 S.W.2d 676 (Mo.App.1956).

2. All citations are to RSMo.1978 unless otherwise noted.

tracts the types of health services it would supply.

The contract in this case, and presumably in other agreements offering similar benefits, provided for "medical-surgical care" to members rendered and billed for "by physicians". A physician is defined as a "duly licensed physician and surgeon". It is apparently not disputed here that the practice of chiropractic is not medical-surgical care and that chiropractors although licensed by the state, are not licensed physicians or surgeons. Section 331.010. The subject contract does not, therefore, entitle member-beneficiaries to reimbursement for chiropractic services. The suit contends such a contract violates existing statutes in effect at the time in question. The judgment prayed seeks a declaration that the subject contract constitutes an unfair practice under § 375.934 and § 375.936 and that respondent Division of Insurance be required to discharge its duty to enforce the statutes.

Resolution of the issues in the case depends entirely upon application of statutes irreconcilably in conflict. The judgment by the trial court, although making no reference to the dilemma which the statutory disorder has created, is consistent only with acceptance of one statute as controlling over its divergent counterpart. We conclude that this choice, although arguable, is not consistent with the manifested intent of the legislature and we therefore reach an opposite result. The reversal of the judgment sustains appellant's claim that the trial court erred as a matter of law in failing to give effect to § 375.947 RSMo. Supp.1979.

The first statute to be considered is § 354.015. That section, as a component of the scheme for treating health service corporations differently from all other business corporations, expressly provides that such corporations shall not be subject to any state laws relating to insurance or insurance companies except as specifically designated in Chapter 354. The section also states that if there be a conflict between the various provisions of Chapter 354 and any other law of the state, Chapter 354 shall prevail. The various sections of Chapter 354 did not, prior to amendment in 1983, admit of any regulation of health services corporations as insurance companies nor were these corporations amenable to restriction by any law not recognized by some enablement found in Chapter 354. This position was and is advocated by respondents.

The statutes conflicting with the foregoing are to be found in §§ 375.930 et seq., the Unfair Practices and Frauds Act, an act ostensibly designed to regulate the business of insurance companies. Section 375.-936(11)(b) provides that a failure of an insurance contract to permit the insured full freedom of choice in the selection of any duly licensed physician, surgeon, optometrist, chiropractor, dentist, pharmacist, pharmacy or podiatrist constitutes unfair discrimination. Enforcement of the statute is delegated to the director of the division of insurance who is empowered to suspend or revoke the offender's license or certificate of authority.

Section 375.947, RSMo.Supp.1979 purports to subject health services corporations, such as Missouri Medical Services, to the controls of the Unfair Practices And Frauds Act despite the exclusive language of § 354.015.2 and despite the statutory pronouncement that health services corporations are not subject to laws relating to insurance companies. The statute, § 375.-947, RSMo.Supp.1979 reads as follows:

"Notwithstanding the provisions of section 354.015, RSMo, all health services corporations heretofore or hereafter organized under the provisions of chapter 354, RSMo, shall be subject to all duties, obligations and penalties imposed by sections 375.930 to 375.948, RSMo. For the purposes of sections 375.930 to 375.948 only, 'business of insurance' or 'insurance business' shall include any activity in connection with the establishment and operation of the business of a health services corporation as defined by subdivision (4) of section 354.010, RSMo."

It is, of course, obvious that if Chapter 354 is the sole source of laws to which health services corporations are subjected, as § 354.015 announces, then § 375.947, RSMo.Supp.1979 which has no counterpart in Chapter 354 cannot operate to declare unfair practices in the activities of such corporations. Conversely, if § 375.947 is to be given effect, the provisions of Chapter 354 are necessarily modified to the extent that those statutes no longer provide the exclusive source for regulation of health services corporations. The latter interpretation also lowers, to some extent, the barrier separating health services corporations from insurance companies. This follows because Chapter 375 is designated as a grouping of laws "applicable to all insurance companies".

This situation is not one in which the two statutes may be harmonized. One must take precedence over the other to deny or require compliance with the Unfair Practices and Frauds Act by health services corporations. In making such a choice, the court must, fundamentally, seek to ascertain the intent of the lawmakers and give effect to that intent. *Sermchief v. Gonzales,* 660 S.W.2d 683, 688 (Mo. banc 1983). What the legislature intended is to be concluded from the language it used. *State v. Swoboda,* 658 S.W.2d 24, 26 (Mo. banc 1983). Where an enactment has been adopted by the legislature, it should not be construed to have been a useless act, unless no other conclusion is possible, because it is ordinarily the intent of the legislature to effect some change in existing law. *Kilbane v. Director of Dept. of Revenue,* 544 S.W.2d 9, 11 (Mo. banc 1976).

Section 354.015 in the particulars relevant to this case was enacted by the legislature in 1973 and in 1981, when Kilburn obtained the services of the chiropractor, the statute was in its original 1973 form. Section 375.947 was first enacted in 1978 and was amended in 1979 to the text quoted above. It is therefore an uncontestable conclusion that by the adoption of § 375.947, first in 1978 and as amended in 1979, the legislature must have intended to effect some change in the existing law. Prior to 1978, health services corporations were not subject to the Unfair Practices and Frauds Act because neither they nor Chapter 354 were mentioned in the act and because health services corporations were not deemed to be insurance companies, the sole object of regulation under the act. The plain language of § 375.947 in both the 1978 and 1979 versions manifests a legislative intent to change that condition.

The decision to accept § 375.947, RSMo.Supp.1979 as prevailing over contrary provisions in Chapter 354 is further supported by the chronology of the enactments and the irreconcilable conflict. If the legislature enacts two laws which are so inimical to each other that both cannot stand, the later statute in point of time controls under the theory that the legislature intended but failed to repeal the former. *Bartley v. Special School District of St. Louis County,* 649 S.W.2d 864, 867 (Mo. banc 1983). Provisions of an earlier act which are in irreconcilable conflict with the provisions of an amendatory act are impliedly repealed. Sutherland, *Statutory Construction,* § 23.12 Repeal By Amendment (1972).

Finally, if there were any doubt as to the intent of the legislature, the question was resolved by enactments adopted in the 1983 session of the Missouri General Assembly. In Sutherland, *Statutory Construction,* § 22.31, Defects in Original Act (1972), it is said that surrounding circumstances are to be considered in the interpretation of amendatory acts, that is, whether the change was formal to resolve ambiguity, or substantive creating a new right or withdrawing an existing right. The court will determine what defects existed in the original act, which defects the legislature intended to cure and the result will be construed so as to reduce or eliminate the defect intended to be remedied.

The 1983 changes, particularly applicable to eliminate the conflict noted above between § 354.015 and § 375.947, RSMo. Supp.1979, rewrote the first sentence of the section to read as follows:

"All health services corporations heretofore or hereafter organized shall be subject to the provisions of sections 354.010 to 354.380, to the provisions of the other laws of this state which are specifically designated in sections 354.010 to 354.380, *and to the provisions of any other laws of this state relating to insurance which specifically state they shall apply to health services corporations * * *.*" (Emphasis added).

It is apparent that the legislature recognized in 1983 the conflict between § 354.-015 and the provisions of the Unfair Practices and Frauds Act and moved to remove any question of its intent to apply certain provisions of the act to health services corporations. Thus, the 1983 changes were formal to remove ambiguities. They were not substantive in the creation of any new rights or liabilities.

Finally, we must take note of the decision in *Blue Cross Hospital Services, Inc. v. Frappier,* 681 S.W.2d 925 (Mo. banc 1984). That action brought a constitutional challenge to the 1983 amendment of § 375.-936, an issue not presented in comparable form in this case. The opinion is relevant because of the following language at 928:

"Section 375.936 had been in force since 1959. One of its purposes was to prohibit 'unfair discrimination' by insurance companies among providers of health care. *The section had not been applied to health service corporations until 1978*". (Emphasis added).

The Supreme Court quite apparently was adopting as a preface to its opinion the assumption that the statute in question had been applicable to health services corporations since 1978. In view of this statement, it can only be assumed that faced with the choice between the conflicting provisions of § 354.015 as it existed in 1981 and the language of § 375.936, RSMo.Supp.1979, the Supreme Court would decide as we do here that § 375.936, RSMo.Supp.1979 did apply in 1981 to Missouri Medical Service.

■ Respondent Missouri Medical Service also argues that the repeal by implication of § 354.015 violates Article III, § 28

of the Missouri Constitution. Cited is *State ex rel. McNary v. Stussie,* 518 S.W.2d 630 (Mo. banc 1974). The provision of the Missouri Constitution in question declares, in substance, that an act shall not be amended by providing that words be stricken out or amended, but the full text of the act must be set forth as amended. In *Stussie,* an attempt was made to revise the age of majority from twenty-one to eighteen. The act merely specified that with certain exceptions, all statutory references then existing to the age of minority be revised from twenty-one to eighteen. The court held the act to be unconstitutional.

The *Stussie* case has no application here, nor to any case where two independent statutes stand in irreconcilable conflict. There was no attempt by the enactment of § 375.947 to strike out any words in § 354.015 or to substitute words therein. The Unfair Practices and Frauds Act is a unified whole. The fact that it had consequences for other statutes does not bring it into conflict with Article III, § 28. *Boyd-Richardson Co. v. Leachman,* 615 S.W.2d 46, 53 (Mo. banc 1981).

Missouri Medical Service also argues that because its contracts provide medical and surgical services for members, it is entitled to specify what services will be covered and to exclude chiropractic services. The contention is that freedom of choice is satisfied when the member beneficiaries may select from among practitioners within the services respondent has elected to furnish.

■ This contention is merely another approach to the same argument which relies on the preeminence of § 354.015 as controlling over the conflicting provisions of § 375.947, RSMo.Supp.1979. Section 375.936(11)(b) contains the definition of unfair discrimination in accident or health insurance (made applicable to health services corporations by § 375.947, RSMo.Supp. 1979). By this provision, the health services corporation may not make or permit unfair discrimination by restricting the in-

sured's "full freedom of choice in the selection of any duly licensed physician, surgeon, optometrist, chiropractor, dentist, pharmacist, pharmacy, or podiatrist". In plain language, the legislature has specified that if the insured, or here, member-beneficiary, is afflicted with an ailment or injury for which treatment is agreed to be a covered benefit, the insured may seek that treatment from any of the practitioners listed in the statute and may not be denied reimbursement for the expense incurred merely because the insurer or health services corporation has attempted to exclude that class of health care providers in its contract.

██ The conditions of freedom of choice are, of course, limited to the predicate first announced in this opinion in the statement of appellants' contention. The health care provider must be licensed under the applicable state law and the condition for which treatment is rendered must be a condition that practitioner's art qualifies him to treat. If these conditions are satisfied, the health services corporation may not refuse reimbursement for treatment of covered illness or injury merely because the health care provider was a chiropractor. To do so is unfair discrimination prohibited by statute. The trial court erred in deciding to the contrary.

The judgment dismissing the cause as to claims by plaintiff Klinginsmith is affirmed. The judgment is otherwise reversed and the case is remanded for entry of a declaratory judgment responsive to the relief sought by plaintiff Kilburn and consistent with the views expressed in this opinion.

All concur.