Dear Representative Youngdahl:
This opinion is in response to your question asking:
 Are governmental insurance plans required to comply with Missouri statutes regarding insurance regulations, specifically, those statutes that prohibit unfair discrimination against chiropractors or other providers?
In your opinion request you state: "Self insured governmental employee benefit plans place limits on chiropractic services to their beneficiaries. These limitations include caps on all services and limitations or exclusions of services or diagnosis that are unique to the chiropractic profession (e.g. subluxation, structural imbalance, segmental joint dysfunction)." Your question apparently relates only to self insured governmental medical care plans.
Section 375.936(11)(b), RSMo 1986, to which you refer in your opinion request provides:
 375.936. Unfair practices defined. — The following are hereby defined as "unfair methods of competition" and "unfair and deceptive acts or practices" in the business of insurance:
* * *
(11) "Unfair discrimination"
* * *
 (b) Making or permitting any unfair discrimination between individuals of the same class and of essentially the same hazard in the amount of premium, policy fees, or rates charged for any policy or contract of accident or health insurance or in the benefits payable thereunder, or in any of the terms or conditions of such contract, or in any other manner whatever, including any unfair discrimination by not permitting the insured full freedom of choice in the selection of any duly licensed physician, surgeon, optometrist, chiropractor, dentist, psychologist, pharmacist, pharmacy, or podiatrist; provided that the addition of psychologist shall be effective January 1, 1984, and applied to contracts issued by health service corporations and insurance companies doing business in this state after such effective date, and to existing group contracts on the later of the next renewal date or the expiration of any applicable collective bargaining contract, if the services are covered by the terms of the contract when rendered by a licensed physician or doctor of medicine;
Section 375.934, RSMo 1986, provides:
 375.934. Unfair competition and deceptive practices prohibited. — No person shall engage in this state in any trade practice which is defined in sections 375.930 to 375.948 as an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.
Section 375.932(3), RSMo 1986, defines "person" as follows:
 375.932. Definitions. — When used in sections 375.930 to 375.948
* * *
 (3) "Person" shall mean any individual, corporation, association, partnership, reciprocal exchange, interinsurer, Lloyds insurer, fraternal benefit society, and any other legal entity engaged in the business of insurance, including agents, agencies, brokers and adjusters. "Person" shall also mean medical service plans and hospital service plans as defined in section 354.010, RSMo, provided, however, that medical service plans and hospital service plans shall not include self-insurance plans by corporations and businesses. For purposes of sections 375.930 to 375.948 only, such medical and hospital service plans shall be deemed to be engaged in the business of insurance. "Person" shall include all companies organized, incorporated or doing business under the provisions of chapters 375, 376, 377, 378, 379, 381 and 383, RSMo.
The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. Wolff Shoe Companyv. Director of Revenue, 762 S.W.2d 29, 31 (Mo. banc 1988). Based on the language in Section 375.936(11)(b) and the related sections, it is evident that such section does not apply to self insured governmental medical care plans. There is no language in Section 375.936(11)(b) or the related sections which applies such section to self insured governmental medical care plans. Where the language of a statute is clear and unambiguous, there is no room for construction. Metro Auto Auction v. Director ofRevenue, 707 S.W.2d 397, 401 (Mo. banc 1986).
In Klinginsmith v. Missouri Department of ConsumerAffairs, Regulation and Licensing, 693 S.W.2d 226 (Mo.App. 1985), the court described the sections about which you are concerned as being ostensibly designed to regulate the business of insurance companies. However, because of a statute subjecting health services corporations to such sections, the court concluded that health services corporations must comply with such sections. That decision was based on statutory language applying specifically to health services corporations and no similar language relates to self insured governmental medical care plans.
CONCLUSION
It is the opinion of this office that Section375.936(11)(b), RSMo 1986, is not applicable to self insured governmental medical care plans.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General