Craig J. MASTERSON and Cynthia A. Masterson, Plaintiffs/Appellants,

v.

ROOSEVELT BANK, Successor to Farm & Home Savings Association, Defendant/Respondent.

No. 68206.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 30, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 11, 1996.

Application to Transfer Denied April 23, 1996.

The facts of this case are undisputed. In September 1992, Farm and Home Savings Association purchased appellants' mortgage. Roosevelt Bank later succeeded Farm and Home and is the respondent in this case. In September 1993, appellants refinanced their mortgage with Security Financial and Mortgage Company (Security Mortgage). Security Mortgage sent respondent a letter dated September 14, 1993, transmitting a check repaying the mortgage together with a demand that a release of its deed of trust be sent to Commonwealth Title Company (Commonwealth).

Appellants, themselves, sent a letter on September 20, requesting their escrow balance and a deed of release. Appellant's letter authorized respondent to deduct the cost of the release from their escrow account. Respondent processed the satisfaction on September 23, 1993, and sent the deed of release to Commonwealth on October 8, 1993. Appellants did not receive a copy of the deed of release.

Appellants filed suit against respondent on March 18, 1994, seeking statutory damages under § 443.130 RSMo 1986. The court granted respondent's motion for summary judgment. This appeal followed.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *ITT Commercial Finance Corporation v. Mid–America Marine Supply*, 854 S.W.2d 371, 376 (Mo. banc 1993). Here, the facts are undisputed.

Appellants argue §§ 443.060 RSMo Supp.1993 and 443.130 RSMo 1986 required respondent to provide them personally with a deed of release within thirty days and that delivery to the title company, at the new lender's direction, was insufficient under the statutes. We disagree. In construing a statute the words used are considered in their plain and ordinary meaning to ascertain the intent of the legislators. *Wollard v. City of Kansas City*, 831 S.W.2d 200, 203 (Mo. banc 1992). The legislature is presumed not to intend an unreasonable or absurd result but rather a logical one. *David Ranken, Jr. Technical Institute v. Boykins*, 816 S.W.2d

Evans & Dixon, Cynthia A. Masterson, St. Louis, for appellants.

Ewing Smith & Hoberock, Howard C. Gosnell, Jr., Nevada, and C. William Portell, Jr., St. Louis, for respondent.

PUDLOWSKI, Judge.

This is an appeal from summary judgment granted in favor of Roosevelt Bank (respondent). Craig J. Masterson and Cynthia A. Masterson (appellants) allege the trial court erred in granting the motion for summary judgment and in finding their petition failed to state a cause of action under § 443.130 RSMo 1986. Judgment affirmed.

189, 192 (Mo. banc 1991). Statutes imposing penalties such as those provided in § 443.130 RSMo 1986 must be strictly construed. *Trovillion v. Countrywide Funding Corp.*, 910 S.W.2d 822, 823–24 (Mo.App.E.D.1995). Applying this precedent to the facts before us, we find respondent complied with §§ 443.060 RSMo Supp.1993 and 443.130 RSMo 1986 in delivering the deed of release to the title company at the new lender's direction.

The relevant statutes are as follows.

Section 443.060.1 RSMo Supp.1993 provided in pertinent part:

> If any mortgagee, ... receive[s] full satisfaction of any security instrument, he shall, at the request and cost of the person making the same, ... deliver to such person a sufficient deed of release of the security instrument; ....

Section 443.130 RSMo 1986 provided:

> If any such person, thus receiving satisfaction, do[es] not, within thirty days after request and tender of costs, acknowledge satisfaction on the margin of the record, or deliver to the person making satisfaction a sufficient deed of release, he shall forfeit to the party aggrieved ten percent upon the amount of the mortgage or deed of trust money, absolutely, and any other damages he may be able to prove he has sustained, to be recovered in any court of competent jurisdiction.

Appellants argue these statutes direct a mortgagee to deliver a deed of release to a person making a request, not the person making the satisfaction and argue their letter of demand entitled them to a release. We find appellants' construction of this statute absurd. Under their theory, a mortgagee would be required to deliver a deed of release to anyone who tendered the costs and made a demand. We hardly think that was the intent of the legislature in enacting this statute. The statutory language in §§ 443.060 RSMo Supp.1993 and 433.130

RSMo 1986 is clear. It requires a deed of release be delivered to the party making the satisfaction.[1]

Appellants argue that if the legislature intended a new mortgagee receive the deed of release it would have used the term mortgagee in the statute but there are situations where a new mortgagee may not be the party making the satisfaction. The legislature intended to include all persons who make a satisfaction in the statute. On the other hand, if the legislature intended that only the mortgagor receive the deed of release, regardless of who made the satisfaction, it would have simply used the word mortgagor.

The plain and ordinary meaning of "the party making the satisfaction" clearly includes the person whose funds are expended in satisfying a mortgage. In construing penal statutes, the court must give effect to the plain and ordinary meaning of the words used in such statutes to insure the purpose of the statute is carried out. *Reeder v. Board of Police Commissioners of Kansas City, Mo.*, 800 S.W.2d 5 (Mo.App.W.D.1990). Here, the statute plainly states the deed of release must be delivered to the party making the satisfaction and the new mortgagee fits within the meaning of that phrase. Therefore, delivery of the deed of release to the new mortgagee's agent, the title company closing the loan, complied with the statute. Respondent was entitled to judgment as a matter of law. The judgment of the trial court is affirmed.

AHRENS, P.J., and GRIMM, J., concur.

---

1. Appellants reliance on *Verges v. Giboney*, 47 Mo. 171 (1870) for the proposition the mortgagor himself must receive the deed of release is misguided. In *Verges*, the mortgagor sent his agent to pay off his mortgage with the mortgagor's own funds. The mortgagee refused to acknowledge satisfaction of the debt at all and the court found the mortgagee failed to comply with the statute and, therefore, the mortgagor, as the aggrieved party, was entitled to damages. *Verges* did not decide that the mortgagor must personally receive the deed of release because no deed of release was delivered in that case. Consequently, *Verges* has no bearing on this case.