The Honorable Carl Vogel State Representative, District 114 State Capitol Building Jefferson City, MO 65101
Dear Representative Vogel:
This opinion is in response to your questions asking:
 1. May a city-county library district created pursuant to Section 182.291, RSMo, lower its tax levy rate? If so, which government entity has the authority for reducing said levy rate (the city-county library district trustees or the county or city governing body that appointed the trustees)? Is voter approval required before lowering the levy?
 2. If a library district reduces its levy without voter approval, and voter approval is required, what is the legal effect?
 3. If a city-county library district has authority to voluntarily (i.e., it is not mandated by the Hancock Amendment) lower its levy and does so, what are the restrictions of Section 181.060?
The city-county library district which is the subject of your questions was created pursuant to Section 182.291, RSMo 1994. Section 182.291 provides in relevant part:
 182.291. City-county library, how organized — board of trustees, duties — effect of merger on assets and liabilities — funds, how handled — budget required. — 
* * *
 3. The city-county library shall be under the control and supervision of a board of trustees of nine members. If the population of the county is larger than that of the city, the county governing body shall appoint five members of the library board. If the population of the county is less than that of the city, the county governing body shall appoint four members of the library board. If the population of the city is larger than that of the county, the mayor of the city shall appoint five members to the library board. If the population of the city is less than that of the county, the mayor shall appoint four members to the library board. The members shall serve a term of three years . . . . Immediately upon their appointment, the board shall organize as provided in section 182.060; and thereupon the city board shall cease to exist and shall turn over all property, books and records to the city-county board.
 4. All unexpended funds of the preexisting separate city and county library districts shall be deposited by the custodians thereof with the city treasurer immediately upon the issuance of the county governing body's approval of the petition.
 5. For all tax purposes, including levies and adjustments thereof, the city library district shall become a part of the county library district at the beginning of the next fiscal year after the merger and the property within the city library district shall be treated as within the county library district for all such purposes; except, until the city library district shall become a part of the county library district the levy and collection of taxes shall be made as though no merger had taken place, so that the levy and collection of taxes shall be without interruption, and during that period no change in the levy shall take place. The funds collected shall be turned over to the city treasurer immediately upon collection.
 6. All of the real and personal property and all of the obligations of the preexisting separate city and county library districts shall, without further action, become the property and obligations of the merged city- county library district, which shall have an official name composed of the name of the city, followed by the name of the county and followed by the words "County Library District".
 7. The merged district, and the librarian, officials and board thereof, shall have all of the rights, powers, responsibilities, and privileges granted county library districts by the laws of the state of Missouri and shall be governed by such laws, as though the merged districts were a county library district, except:
(1) Where such laws are inconsistent with this section;
 (2) The treasurer of the board of trustees of the library district shall receive and be the custodian of all moneys, belonging to the district from whatever source derived . . . .
 (3) The library board shall prepare a budget for each fiscal year and all expenditures shall conform to such budget. The budget shall be prepared and approved by the library board and made available to the members of the governing body of the city and the members of the county governing body . . . . [Emphasis added.]
Section 182.291.7 indicates that the city-county library district about which you are concerned is governed by the laws applicable to county library districts with certain exceptions. Section 182.020, RSMo 1994, relates to the levying of a property tax for a county library district. Such section provides in relevant part:
 182.020. Levy and collection of tax — reconsideration of tax — increase in tax levy procedure, ballot form. —1. If, from returns of the submission of the question, the majority of all the votes cast are in favor of establishing a county library district and for the tax for a free county library, the county governing body shall enter of record a brief recital of the returns and that there has been established ". . . . . . . county library district", and thereafter such ". . . . . . . county library district", shall be considered established; and the tax specified in the notice, subject to the provisions of this section, shall be levied and collected, from year to year.
* * *
 3. The tax may be reconsidered whenever the voters of any county library district shall so determine by a majority vote on such questions after petition, order, and notice of the election and of the purpose thereof, first having been made, filed, and given, as in the case of establishing such county library district. At least five years must elapse after the county library district has been established and a tax therefor has been levied before a question to reconsider the tax may be submitted under this subsection.
 4. Whenever the county library board of trustees finds it appropriate, it may order an election on the question of increasing the tax established pursuant to subsection 2 of section 182.010 or increased pursuant to subsection 5 of section 182.010. Notice of the election shall be published in the same manner as is notice of an election to establish a county library district under section 182.010. The notice and order shall each recite the amount of the proposed increase. The question shall be submitted in substantially the following form:
 "Shall the . . . . . . . per hundred dollars assessed valuation tax for the county library be increased to . . . . . . . per hundred dollars assessed valuation?"
 If a majority of votes cast on the question are in favor of the increase, then the increased tax shall be levied and collected in the same manner as the tax was at its previous lower rate. [Emphasis added].
* * *
Also relevant to your questions is Section 137.073.5(3), RSMo Supp. 1998, which relates to property tax rates in general. Such provision states:
 (3) The governing body of any political subdivision may levy a tax rate lower than its tax rate ceiling and may increase that lowered tax rate to a level not exceeding the tax rate ceiling without voter approval.
The issue about which you are concerned in your first question appears to be whether the district may voluntarily levy less than the maximum authorized property tax rate.[1]
Section 137.073.5(3) specifically provides that a political subdivision may levy a tax rate lower than its tax rate ceiling. The provision now numbered as Section 137.073.5(3) was initially enacted in 1979. See House Substitute for House Committee Substitute for Senate Bill No. 247 and Senate Committee Substitute for Senate Bills Nos. 333 and 254, Laws of Missouri, 1979, page 322. Section 137.073.1(3) defines "tax rate ceiling" as being the maximum tax rate that may be levied without voter approval of a higher rate. Yet, Section 182.020 provides for the tax specified in the notice to be levied and collected and provides a procedure for voters to reconsider the property tax rate. Such provision in Section 182.020 has been in existence since prior to 1939. See
Section 14767, RSMo 1939.
Statutes which seemingly are in conflict should be harmonized so as to give meaning to both statutes. State ex rel. Riordan v.Dierker, 956 S.W.2d 258, 260 (Mo. banc 1997). In construing statutes, courts attempt to harmonize each statutory enactment, considering the entire legislative scheme and looking at the plain meaning of language used. AG Processing, Inc. v. South St. JosephIndustrial Sewer District, 937 S.W.2d 319, 324 (Mo.App. W.D. 1996). If the legislature enacts two laws which are so inimical to each other that both cannot stand, the later statute in point of time controls. Klinginsmith v. Missouri Department of ConsumerAffairs, Regulation and Licensing, Division of Insurance,693 S.W.2d 226, 230 (Mo.App. W.D. 1985).
Following these rules of statutory construction, we conclude that under Section 137.073.5(3), the district in a given year may levy a property tax rate less than the maximum authorized rate. Pursuant to that section, the district may increase the rate back to the maximum authorized rate in subsequent years without voter approval. It is unreasonable to interpret the statutes to compel the district to levy a property tax rate at the maximum authorized rate if the district concludes such amount of revenue is not needed for library purposes. The legislature is presumed not to intend an unreasonable or absurd result but rather a logical one.Masterson v. Roosevelt Bank, 919 S.W.2d 9, 10 (Mo.App. E.D. 1996).
We conclude that the provisions in Section 182.020 apply to the maximum authorized property tax rate. Following the procedures in that section the voters may reconsider the maximum authorized property tax rate. The district may, in a specific year, levy the maximum authorized rate or a lower rate as authorized by Section 137.073.5(3).
As a part of your first numbered question, you ask who sets the property tax rate for the city-county library district, the city-county library district trustees or the county or city governing body. As previously pointed out, under Section182.291.7, the city-county library district is governed by the laws applicable to county library districts with certain exceptions. Section 182.070, RSMo Supp. 1998, applicable to county library districts, provides the library district is a body corporate with the following general powers:
 182.070. General powers of district — seal. — The county library district, as a body corporate, by and through the county library board of trustees, may sue and be sued, complain and defend, and make and use a common seal, purchase or lease grounds, purchase, lease, occupy or erect an appropriate building for the use of the county library and branches thereof out of current funds if such funds are available above those necessary for normal operations or, as provided in section 182.105, and sell, convey, lease, exchange, transfer and otherwise dispose of all or any part of its real or personal property, or any interest therein, or other assets wherever situated for and on behalf of the county library and branches thereof, receive gifts of real and personal property for the use and benefit of the county library and branch libraries thereof, the same when accepted to be held and controlled by the board of trustees, according to the terms of the deed, gift, devise or bequest of such property. [Emphasis added.]
The section places these powers in the library district's board of trustees. Section 182.105, RSMo 1994, relates to the issuance of bonds by a county library board. Subsection 3 of Section 182.105
specifically provides for the property tax rate to pay the bonds to be set by the county library board. Such subsection provides:
 3. Before incurring any indebtedness as authorized in this section, the county library board shall provide for the collection of an annual tax on all taxable, tangible property in the county library district sufficient to pay the interest and principal of the indebtedness as they shall fall due and to retire the same within twenty years from the date contracted. [Emphasis added.]
See also Missouri Attorney General's Opinion No. 20, O'Halloran, 1972 ("The governing boards of . . . city-county . . . libraries are vested with the administrative authority of such libraries and are not under the direction of the officers or governing bodies of such . . . counties.") and Opinion No. 14, Dyer, 1982 ("A city-county library district organized under Chapter 182, RSMo, may borrow short term funds for operating expenses."). A copy of each opinion is enclosed. Based on the powers granted to the city-county library district board of trustees, we conclude that board sets the property tax rate each year for the city-county library district.
Because of our conclusions in response to your first numbered question, it is not necessary to address your second numbered question.
Your final question asks about the restrictions in Section181.060, RSMo 1994. Section 181.060 provides in relevant part:
 181.060. State aid for public libraries — appropriation — distribution — allocation — procedure — requirements. —1. The general assembly may appropriate moneys for state aid to public libraries, which moneys shall be administered by the state librarian, and distributed as specified in rules and regulations promulgated by the Missouri state library, and approved by the secretary of state.
 2. At least fifty percent of the moneys appropriated for state aid to public libraries shall be apportioned to all public libraries established and maintained under the provisions of the library laws or other laws of the state relating to libraries. The allocation of the moneys shall be based on an equal per capita rate for the population of each city, village, town, township, urban public library district, county or consolidated library district in which any library is or may be established, in proportion to the population according to the latest federal census of the cities, villages, towns, townships, school districts, county or regional library districts maintaining public libraries primarily supported by public funds which are designed to serve the general public. No grant shall be made to any public library which is tax supported if the rate of tax levied or the appropriation for the library should be decreased below the rate in force on December 31, 1946, or on the date of its establishment. Grants shall be made to any public library if a public library tax of at least ten cents per one hundred dollars assessed valuation has been voted in accordance with sections 182.010 to 182.460, RSMo, or as authorized in section 137.030, RSMo, and is duly assessed and levied for the year preceding that in which the grant is made, or if the appropriation for the public library in any city of first class yields one dollar or more per capita for the previous year according to the population of the latest federal census or if the amount provided by the city for the public library, in any other city in which the library is not supported by a library tax, is at least equal to the amount of revenue which would be realized by a tax of ten cents per one hundred dollars assessed valuation if the library had been tax supported. Except that, no grant under this section shall be affected because of a reduction in the rate of levy which is required by the provisions of section 137.073, RSMo.
[Emphasis added.]
* * *
You indicate in your question you are not concerned about the lowering of the property tax rate because of the Hancock Amendment. Section 181.060.2 states that no grant shall be affected because of a reduction in the rate required under Section137.073.
We have not been provided information regarding the property tax rate of the city-county library district about which you are concerned. Without specific information regarding the property tax rate of the district, it is not feasible to determine if the restrictions in Section 181.060 apply to the district. However, the fact the district may levy a lower property tax rate than voted by the people does not necessarily disqualify the district from receiving state aid. In Opinion No. 72, Price, February 13, 1958, a copy of which is enclosed, this office stated at page 3:
 You do state that the rate levied and collected is "less than the library tax rate voted by the people." We do not believe that this fact disqualifies the library from receiving state aid because there is nothing in the library law as set forth in Chapter 181 or more specifically in Section 181.060, supra, which makes such a matter prerequisite to receiving state aid.
Although Section 181.060 has been amended since the date of the opinion, the statement set forth above is still valid.
 CONCLUSION
It is the opinion of this office with regard to a city-county library district created pursuant to Section 182.291, RSMo 1994, (1) the property tax rate for the district is set each year by the board of trustees of the district, and (2) the board may set the property tax rate in a given year at less than the maximum authorized rate.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosures
[1] This opinion only addresses situations involving the district voluntarily levying less than the maximum authorized property tax rate. The opinion does not address rollbacks in the property tax rate required by Section 137.073, RSMo Supp. 1998, or Article X, Section 22 of the Missouri Constitution (the "Hancock Amendment").