Dear Dr. Bartman:
This opinion letter is in response to your question asking:
 Under House Bill 610, may an individual employed by the Department of Elementary and Secondary Education who is currently a member of the Public School Retirement System switch from the Public School Retirement System to the Missouri State Employees' Retirement System on January 1, 1990, as provided for in the bill, collect the refund provided for in the bill, and if the individual has thirty years creditable service begin drawing retirement payments from the Public School Retirement System even though the person remains in the employ of the Department of Elementary and Secondary Education?
Senate Substitute for House Bill No. 610, 85th General Assembly, First Regular Session (1989) (hereinafter referred to as "House Bill No. 610") was signed into law by the Governor, and with an emergency clause, became effective on June 14, 1989. Among other matters, this legislation repealed Section104.342, RSMo Supp. 1988, relating to certain retirement systems, and enacted in lieu thereof a new section relating to the same subject.
The Public School Retirement System of Missouri (hereinafter referred to as "PSRS") is provided for by Sections169.010, et seq. RSMo. The Missouri State Employees' Retirement System (hereinafter referred to as "MOSERS") is provided for in Chapter 104, RSMo. The PSRS retirement system is an actuarial reserve, joint-contributory program, to which members and employers make matching contributions. The MOSERS retirement program is a state funded retirement program. Under the provisions of Chapter 169, RSMo, certain employees of the Department of Elementary and Secondary Education (hereinafter referred to as "DESE") participate in the PSRS retirement system. In this regard, membership in the PSRS retirement system under the provisions of Section 169.050.4, RSMo Supp. 1989, is terminated by failure of a member to be an employee under the system for more than four of any five consecutive years, by death, withdrawal of contributions, or retirement.
Section 104.342.4, RSMo Supp. 1989, as enacted by House Bill No. 610, provides:
 4. Effective January 1, 1990, only after an affirmative referendum in accordance with section 105.353, RSMo, any person who is employed on a full-time basis by the department of elementary and secondary education, shall be a member of the system; except that any person duly certified under the law governing the certification of teachers who is a full-time employee at any time during the period extending from June 14, 1989, through December 31, 1989, and is contributing because of such employment to the retirement system established under sections 169.010 to 169.140, RSMo, may elect to continue in that retirement system if such election is made on or before December 31, 1989. This election shall not apply to any such person who commenced receiving retirement benefits prior to January 1, 1990, from any state retirement system because of such service. (Emphasis added.)
Section 104.342.5, RSMo Supp. 1989, as enacted by House Bill No. 610, provides:
 5. On June 14, 1989, all newly employed persons in the positions described in subsection 3 of this section shall become members of the Missouri state employees' retirement system. Effective January 1, 1990, and only after an affirmative referendum provided for in subsection 4 of this section, all newly employed persons in the positions described in subsection 4 of this section shall become members of the Missouri state employees' retirement system.
Section 104.342.7, RSMo Supp. 1989, as enacted by House Bill No. 610, provides:
 7. Any person entitled to make the election provided by subsection 3 or 4 of this section, who does not make such election, in writing, on or before December 31, 1989, shall be deemed to have elected to be governed by subdivision (1) of this subsection.
 (1) Those persons described in subsections 3 and 4 of this section who elect or have elected by written request filed with the board to be members of this system, shall be entitled to creditable prior service for service rendered in any of the positions described in subsections 1, 3 and 4 of this section. Any person who so elects shall be eligible, upon written request filed with the board on or before March 31, 1990, with the retirement system established under sections 169.010 to 169.140, RSMo, or sections 169.410 to 169.540, RSMo, to receive a refund of his accumulated contributions for the creditable service in any of the positions described in subsections 1, 3 and 4 of this section, plus interest at an annual rate of six percent computed on the refundable balance, if any, in his account in that retirement system as of June 30, 1989. Such refunds shall be made prior to June 1, 1990. If any creditable prior service transferred under subsection 1, 3 or 4 of this section, or subsection 3 of section 104.372, includes periods of service not covered by the federal Social Security Act, as provided in sections 105.300 to 105.445, RSMo, then, in calculating the benefit amount payable under section 104.374, to such member, the annuity shall include the normal annuity payable under section 104.374, or an amount equal to two and one-tenth percent of the average compensation of the member for such service, whichever is greater, multiplied by the number of years of such creditable service for the positions described in subsections 1, 3 and 4 of this section not covered by the federal Social Security Act;
 (2) Any person described in subsections 3 and 4 of this section, who elects to remain in one of the retirement systems established under sections 169.010
to 169.140, RSMo, or sections 169.410 to 169.540, RSMo, shall, notwithstanding any provision of chapter 169, RSMo, to the contrary, be a noncontributing member of such system and shall receive a refund of his accumulated contributions for the creditable service in any of the positions described in subsection 1, 3 and 4 of this section, plus interest at an annual rate of six percent computed on the refundable balance, if any, in his account in that retirement system as of June 30, 1989. Such refunds shall be made prior to June 1, 1990. At the time of retirement under the provisions of sections 169.010 to 169.140, RSMo, or sections 169.410 to 169.540, RSMo, such person shall receive a retirement benefit computed under the then existing law of that retirement system; except that, for any person employed in a position described in subsection 4 of this section, the benefit shall be the amount computed as though the position were not covered by the federal Social Security Act, reduced by the amount of any federal social security benefit the person may receive which is attributable to service rendered in the positions described in subsection 4 of this section after December 31, 1989.
Section 104.342.8, RSMo Supp. 1989, as enacted by House Bill No. 610, provides in part:
 8. Upon payment of the refunds provided in subdivision (1) of subsection 7 of this section, each refunding retirement system shall pay to the state employees' retirement system, by December 31, 1990, an amount actuarially determined to equal the liability transferred from such retirement systems. . . .
It is our understanding that the thrust of your opinion request is to inquire as to whether or not an individual currently employed by DESE and who is currently a member of the PSRS retirement system, may elect to retire from the PSRS retirement system and receive a full retirement benefit from the PSRS retirement system, receive a refund of accumulated contributions and interest from the PSRS retirement system for his or her state service, continue to be employed by DESE and receive his or her full salary, and become a new member of the MOSERS retirement system and accumulate membership service credit in that retirement system.
The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in their plain and ordinary meaning. Wolff Shoe Company v.Director of Revenue, 762 S.W.2d 29, 31 (Mo. banc 1988). The provisions of an entire legislative act must be construed together and, if reasonably possible, all provisions must be harmonized. Community Federal Savings Loan Association v.Director of Revenue, 752 S.W.2d 794, 798 (Mo. banc 1988), cert. denied 109 S.Ct. 231, 102 L.Ed.2d 221 (1988).
Section 104.342.4 requires a favorable referendum for Social Security coverage by employees of DESE who are members of the PSRS retirement system. We have been informed a favorable Social Security referendum was held by the employees of DESE on November 1, 1989.
We fail to find any statutory authority supporting an individual currently employed by DESE and who is currently a member of the PSRS retirement system receiving a full retirement benefit from the PSRS retirement system, receiving a refund of accumulated contributions and interest from the PSRS retirement system for his or her state service, and continuing to be employed by DESE and receiving his or her full salary. The last sentence in Section 104.342.4 specifically provides that the election authorized by that subsection does not apply to any person who commenced receiving retirement benefits prior to January 1, 1990, from any state retirement system because of such service. Because of this provision in Section 104.342.4, an employee of DESE in a situation such as that about which you inquire, cannot commence receiving retirement benefits prior to January 1, 1990, from the PSRS retirement system and receive the benefits authorized in Section 104.342.7.
Section 104.342.4 provides that "[e]ffective January 1, 1990," such person is a member of the MOSERS retirement system unless an election to continue in the PSRS retirement system is made on or before December 31, 1989. Effective January 1, 1990, the individuals about which you are concerned are governed by either subsection 1 of Section 104.342.7 or subsection 2 of Section 104.342.7.
Those governed by subsection 2 cannot receive all of the benefits posed in your question since they have chosen to remain a member of the PSRS retirement system. While subsection 2 authorizes them to receive a refund of accumulated contributions and interest from the PSRS retirement system for their state service, they remain a noncontributing member of said system. Section 169.560, RSMo 1986, provides:
 Any person retired and currently receiving a retirement allowance under sections 169.010 to 169.140, other than for disability, may be employed in any capacity in a district included in the retirement system created by those sections on either a part-time or temporary-substitute basis not to exceed a total of three hundred sixty hours in any one school year, without a discontinuance of his retirement allowance. Such a person shall not contribute to the retirement system because of earnings during such period of employment. If such a person is employed in any capacity by such a district on a regular, full-time basis, he shall not be eligible to receive his retirement allowance for any month during which he is so employed and shall contribute to the retirement system. (Emphasis added.)
Section 169.010(4), RSMo Supp. 1989, defines the term "district" as follows:
 (4) "District" shall mean public school, as herein defined;
"Public school" is defined in Section 169.010(12) as follows:
 (12) "Public school" shall mean . . . and also the state of Missouri and each county thereof, to the extent that the state and the several counties are employers of teachers as herein designated;
In addition, the term "teacher" is defined in Section169.010(16), as follows:
 (16) "Teacher" shall mean any person who shall be employed by any public school, on a full-time basis and who shall be duly certificated under the law governing the certification of teachers; any person employed in the state department of elementary and secondary education or by the state board of education on a full-time basis who shall be duly certificated under the law governing the certification of teachers and who did not become a member of the Missouri state employees' retirement system under section 104.342, RSMo; and persons employed by the board of trustees of the public school retirement system of Missouri on a full-time basis who shall be duly certified under the law governing the certification of teachers. The term "teacher" shall be synonymous with the term "employee" as defined in this section.
Under the foregoing statutory provisions, the Department of Elementary and Secondary Education of the State of Missouri is considered a public school or school district in the PSRS retirement system to the extent that it employs teachers. The provisions of Section 169.560 would apply to those employees who serve with DESE as teachers so that if any such individuals are employed by DESE on a regular, full-time basis, these individuals shall not be eligible to receive their retirement allowance for any month during which they are so employed. Therefore, an employee of DESE in a situation such as that about which you inquire who elects to be governed by subsection 2 cannot continue to be employed by DESE and also receive a full retirement benefit from the PSRS retirement system.
Likewise, those governed by subsection 1 of Section 104.342.7 cannot receive all of the benefits posed in your question. Pursuant to Section 104.342.4, such persons, effective January 1, 1990, are members of the MOSERS retirement system. Effective January 1, 1990, their creditable prior service as employees of DESE is transferred to the MOSERS retirement system. Therefore, effective January 1, 1990, they are not entitled to receive retirement benefits from the PSRS retirement system for such service.
In conclusion, we find no statutory mechanism by which an individual currently employed by DESE and who is currently a member of the PSRS retirement system, may elect to retire from the PSRS retirement system and receive a full retirement benefit from the PSRS retirement system, receive a refund of accumulated contributions and interest from the PSRS retirement system for his or her state service, continue to be employed by DESE and receive his or her full salary, and become a new member of the MOSERS retirement system and accumulate membership service credit in that retirement system.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General