MISSOURI MUNICIPAL LEAGUE, et
al., Plaintiffs–Appellants,

v.

Frederick A. BRUNNER, et al.,
Defendants–Respondents.

No. 68925.

Supreme Court of Missouri,
En Banc.

Nov. 17, 1987.

Rehearing Denied Dec. 15, 1987.

William Patrick Cronan, Columbia, for
plaintiffs-appellants.

William L. Webster, Atty. Gen., Shelley
A. Woods, Asst. Atty. Gen., Jefferson City,
Gary P. Paul, Clayton, for defendants-respondents.

RENDLEN, Judge.

The underlying issue is whether Senate Bill 475 (83rd General Assembly, 2nd regular session) (Laws of Missouri, 1986 p. 765) (S.B. 475),[1] which sets forth regulations for the operation and closure of solid waste landfills, violates Mo. Const. art. X, sec. 21, (the Hancock Amendment). The charge of invalidity stems from an allegation that the statute imposes an increase in the level of activity or service required of political subdivisions operating solid waste landfills without providing an appropriation for the increased costs.

The trial court dismissed plaintiffs' petition for declaratory judgment and injunctive relief, finding it failed to state a claim upon which relief could be granted. Because this appeal involves a question of statutory validity the cause falls within the exclusive appellate jurisdiction of this Court under Mo. Const. art. V, sec. 3.

Plaintiffs, 33 local governments, their lobbying organization (the Missouri Municipal League) and three individuals, filed their action styled "Petition for Declaratory Judgment and Injunction" naming the Department of Natural Resources, its Director, Frederick A. Brunner and the State of Missouri as defendants. Brunner and the Department of Natural Resources were joined because section 260.230, RSMo 1978, gives the Department of Natural Resources broad powers to ensure compliance with S.B. 475. The petition alleged that S.B. 475 mandates an increase in the level of activity or service required of local

---

1. Senate Bill 475 repealed six sections of the Revised Statutes of Missouri relating to solid waste management and enacted in lieu thereof 16 new sections relating to the same subject.

governments to develop, operate and close solid waste landfills without appropriating State funds for the increased costs as required by the Hancock Amendment. In their prayer plaintiffs ask that the trial court declare S.B. 475 unconstitutional "with respect to local governments" or, in the alternative, order the State of Missouri to pay plaintiffs "all increased costs associated with the new regulations *without regard to the appropriation process.*" (Emphasis in original.) The trial court, as noted above, by perfunctory order of November 6, 1986, granted defendants' motion to dismiss for failure to state a claim upon which relief can be granted.

Turning to the Hancock Amendment, the applicable portion of art. X, sec. 21, provides in pertinent part:

> A new activity or service or an increase in the level of any activity or service beyond that required by existing law shall not be required by the General Assembly or any state agency of counties or other political subdivisions, unless a state appropriation is made and disbursed to pay the county or other political subdivision for any increased costs.

■ A violation of art. X, sec. 21 may exist if (1) a new or increased activity or service is required of a political subdivision by the State; and (2) a political subdivision experiences increased costs in performing that activity or service. *Miller v. Director of Revenue,* 719 S.W.2d 787, 789 (Mo. banc 1986). Because this appeal is from the trial court's granting of defendants' motion to dismiss for failure to state a claim, all well-pled facts will be taken as true, and the Court will construe the allegations favorably to the pleader in determining whether the allegations invoke principals of substantive law. *Shapiro v. Columbia Union Nat. Bank and Trust Company,* 576 S.W.2d 310, 312 (Mo.1978) cert. denied, 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979).

■ The petition alleges that the "governmental plaintiffs have operated solid waste collection systems" and adds that such collection systems were selected by the plaintiffs as the best methods by which cities could meet the obligations imposed upon them by existing statute section 260.-215.1, RSMo 1986. The petition further alleges that the changes enacted by S.B. 475 will significantly increase the plaintiffs costs and the "quantum of work" required to develop and operate landfills. These contentions are sufficient to state a claim under the two prong test of *Miller,* hence the trial court erred in granting defendants' motion to dismiss. We reverse and remand for further proceedings.

BILLINGS, C.J., and DONNELLY, ROBERTSON and HIGGINS, JJ., concur.

BLACKMAR, J., concurs in result in separate opinion filed.

WELLIVER, J., concurs in result and concurs in concurring in result opinion of BLACKMAR, J.

BLACKMAR, Judge concurring in result.

The petition seeks a declaratory judgment. It sufficiently discloses an actual controversy. The court, therefore, would be justified in declaring the law governing the controversy, one way or the other. Dismissal for failure to state a claim was inappropriate. *City of Creve Coeur v. Creve Coeur Fire Protection District,* 355 S.W.2d 857 (Mo.1962). I agree, therefore, to reversal and remand for further proceedings.

We should carefully avoid expressing any conclusion on the merits. The facts are not developed at all. The cryptic rules of law stated in the last two paragraphs of the principal opinion give little guidance for the resolution of the issues of this case, and should not restrict the trial court or this Court in the consideration of the legal rules which may be developed by a full record.

Nor should we be understood as precluding the trial court, or an appellate court, from exercising the usual discretion, once the facts are developed, as to whether or not the entry of a declaratory judgment is appropriate. *See State Farm Fire and Casualty Company v. Powell*, 529 S.W.2d 666 (Mo.App.1975), opinion by Billings, C.J.

I concur in result.