The Honorable Bob F. Griffin Representative, District 10 State Capitol Building, Room 308-A Jefferson City, Missouri 65101
and
The Honorable Phil Tate Representative, District 4 State Capitol Building, Room 130-DA Jefferson City, Missouri 65101
Dear Representative Griffin and Representative Tate:
This opinion is in response to your question asking:
 Whether prosecuting inmates who violate statutes involves an increased activity which the state must appropriate funds for, when such prosecutions were not previously required because the corrections facility housing these inmates was not previously in the county the inmates are to be prosecuted in?
In your opinion request you state the Dekalb County Prosecuting Attorney has received six reports of violations of Section 217.360 or Section 217.385, RSMo, by inmates of the Western Missouri Correctional Facility in Dekalb County. The prosecuting attorney refuses to prosecute these violations because the correctional facility was built after enactment of Article X, Section 21, of the Missouri Constitution.
Article X, Section 21, of the Missouri Constitution, which was adopted as part of what is commonly referred to as the Hancock Amendment, provides:
 Section 21. State support to local governments not to be reduced, additional activities and services not to be imposed without full state funding. The state is hereby prohibited from reducing the state financed proportion of the costs of any existing activity or service required of counties and other political subdivisions. A new activity or service or an increase in the level of any activity or service beyond that required by existing law shall not be required by the general assembly or any state agency of counties or other political subdivisions, unless a state appropriation is made and disbursed to pay the county or other political subdivision for any increased costs.
Section 217.360, RSMo Supp. 1989, provides:
 217.360. Delivery or concealment on premises of narcotics, liquor, or prohibited articles, penalties. — 1. It shall be an offense for any person to knowingly deliver, attempt to deliver, have in his possession, deposit or conceal in or about the premises of any correctional facility;
 (1) Any controlled substance as that term is defined by law, except upon the written prescription of a licensed physician, dentist, or veterinarian;
 (2) Any other alkaloid of any kind, any spirituous or malt liquor, or any intoxicating liquor as defined in section 311.020, RSMo;
 (3) Any article or item of personal property which an offender is prohibited by law or by rule and regulation of the division from receiving or possessing;
 (4) Any gun, knife, weapon, or other article or item of personal property that may be used in such manner as to endanger the safety or security of the correctional facility or as to endanger the life or limb of any offender or employee of such a facility.
 2. The violation of subdivision (1) of subsection 1 of this section shall be a class C felony; the violation of subdivision (2) of subsection 1 of this section shall be a class D felony; the violation of subdivision (3) of subsection 1 of this section shall be a class A misdemeanor; and the violation of subdivision (4) of subsection 1 of this section shall be a class B felony.
Section 217.385, RSMo Supp. 1989, provides:
 217.385. Violence or injury to others or property by offender, penalty. — No offender shall commit or offer to commit violence to an employee of the department or to another offender housed in a department correctional facility, or attempt to do injury to any building or other property. Violation of this section shall be a class C felony.
Because this question involves the constitution, rules of constitutional construction must be applied. "Rules applicable to constitutional construction are the same as those applied to statutory construction, except that the former are given a broader construction, due to their more permanent character."Boone County Court v. State of Missouri, 631 S.W.2d 321, 324
(Mo. banc 1982). As in statutory construction, words are considered in their plain and ordinary meaning. Wolff ShoeCompany v. Director of Revenue, 762 S.W.2d 29, 31 (Mo. banc 1988). In determining whether the language is clear and unambiguous, the standard is whether the statute's terms are plain and clear to one of ordinary intelligence. Id.
A violation of Article X, Section 21 may exist if "(1) a new or increased activity or service is required of a political subdivision by the State; and (2) a political subdivision experiences increased costs in performing that activity or service." Missouri Municipal League v. Brunner, 740 S.W.2d 957,958 (Mo. banc 1987). The question presented does not involve a state-imposed new or increased activity or service of a political subdivision. Prosecution of inmate violations of Missouri criminal statutes is not a state-imposed new or increased activity or service of the Dekalb County Prosecuting Attorney but is the result of an increase in crime.
CONCLUSION
It is the opinion of this office that prosecution by the Dekalb County Prosecuting Attorney of correctional facility inmates who violate Missouri criminal statutes does not involve a new or increased activity or service for which state funds must be appropriated under Article X, Section 21, of the Missouri Constitution.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General