*Johnson v. Simpson Oil Co.*, 394 S.W.2d 91, 96 n. 2 (Mo.App.1965).

Because there is no genuine issue of material fact this case is appropriate for summary judgment and the undisputed facts support a legal analysis in favor of the Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion to Amend the Complaint (# 29) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Weslock's Motion for Summary Judgment (# 27) is **GRANTED.**

**IT IS FINALLY ORDERED** that because the liability of Westinghouse was dependant on Weslock's liability, Defendant Westinghouse's Motion for Summary Judgment (# 40) is **GRANTED** and its Motion for Stay (# 43) is **DENIED** as moot.

**STATE of MISSOURI EX REL. the MISSOURI CLEAN WATER COMMISSION OF the MISSOURI DEPARTMENT OF NATURAL RESOURCES, Plaintiffs,**

v.

**CITY OF GLASGOW, Defendant.**

No. 95–4436–CV–C–5.

United States District Court, W.D. Missouri, Central Division.

July 1, 1996.

244

William P. Cronan II, Cronan & Robinson, Columbia, MO, for plaintiffs.

Kara L. Johnson, Missouri Attorney General's Office, Jefferson City, MO, for defendant.

## ORDER

SCOTT O. WRIGHT, Senior District Judge.

Before this Court are the State of Missouri's Motion for Summary Judgment, the City of Glasgow's Opposition and Cross–Motion for Summary Judgment, and the State of Missouri's Reply and Opposition to the City of Glasgow's Cross–Motion. For reasons stated below, the State of Missouri's Motion for Summary Judgment is granted and the City of Glasgow's Cross–Motion is denied.

### Background

The State of Missouri (plaintiff) filed a Complaint against the City of Glasgow (defendant) on November 16, 1995 for violations of the Federal Water Pollution Control Act (FWPCA). Plaintiff seeks declaratory judgment that defendant is operating its water treatment plant in violation of the FWPCA and the Missouri Clean Water Law. Plaintiff additionally seeks a preliminary and permanent injunction ordering defendant to stop operating its water treatment plant until defendant complies with all statutes by obtaining a state operating permit and paying all past permit fees.

Plaintiff asserts that it is entitled to judgment as a matter of law because it is undisputed that defendant is discharging contaminants from a point source without a permit in violation of state and federal water pollution laws and that defendant has failed to pay any permit fees. Defendant responds by admitting all facts set out in plaintiff's Motion for Summary Judgment, but takes the position that plaintiff's request for payment of permit fees violates the Hancock Amendment to the Missouri Constitution. Therefore, the only issue before this Court is whether the Hancock Amendment is implicated.

### Standard

A motion for summary judgment should be granted if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Rafos v. Outboard Marine Corp.*, 1 F.3d 707, 708 (8th Cir.1993) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)). Only if "no reasonable jury could return a verdict" for plaintiff will a summary judgment be granted. *Burk v. Beene*, 948 F.2d 489, 492 (8th Cir.1991) (citations omitted).

### Analysis

The parties agree that legislation will violate the Hancock Amendment, Article X, § 21 if four elements are present: (1) a reduction in state financing; (2) of an existing activity or service; (3) required by the state; (4) of counties or political subdivisions. The parties further agree that element three is the element most at issue.

Missouri law has been clear that unless an activity or service is required by the state, the Hancock Amendment is not implicated. For example, in *City of Springfield v. Pub. Serv. Comm'n*, 812 S.W.2d 827 (Mo.Ct.App.

1991), a municipal gas utility brought an action challenging the Public Service Commission's amended safety rules. Although the new rules increased the frequency of inspections, replacements, testing, and record keeping which resulted in increased costs to the municipal gas utility, the court held that the rules did not violate the Hancock Amendment. *Id.* at 830. The Missouri court reasoned that because the operation of a municipal utility is a discretionary function and because the service is often undertaken by private interests, it was not an activity required by the state. *Id.* at 831.

A Missouri Circuit Court similarly found that the Hancock Amendment was not violated after a number of public entities which owned or operated public water systems challenged a statute granting the Missouri Department of Natural Resources the authority to charge a laboratory service and program administration fees for water supplies. *The Missouri Mun. League v. The State of Missouri,* No. CV193–1236 CC (Cir. Ct. of Cole County, Missouri Oct. 31, 1995). The fees covered the costs of analytical testing of drinking water served by entities (public or private) that operate water systems in Missouri. *Id.* The court determined that no Missouri law required any political subdivision to operate a public water system, and therefore, the activity could not be required. *Id.* at 2–3. The court also noted that only if a public entity chose to operate a water system was it compelled to pay the testing fee. *Id.* at 3.

The fatal flaw in defendant's Hancock Amendment defense is that it too cannot point to any Missouri rule or law requiring it to operate a water treatment plant. Private companies as well as public entities provide the same services. (Mohammadi Aff'd.). Defendant simply cannot establish that the activity it is engaged in is required by the state.

Defendant cites several cases in support of its position, but they are easily distinguishable. In each case defendant highlighted, the complaining entity was required, by statute, to perform an activity. For example, the court, in *Missouri Mun. League v. Brunner,* found that a statute imposing an increased level of activity on local governments to develop, operate and close solid waste landfills without appropriating state funds for the increased costs violated the Hancock Amendment. 740 S.W.2d 957, 958 (Mo.1987) (en banc). The local governments, however, were already required by law to provide for the collection and disposal of solid wastes. Mo.Ann.Stat. § 260.215 (Vernon 1990). In *City of Jefferson v. Missouri Dept. of Natural Resources,* a statute required every city over 500 and every county to file a new solid waste plan addressing additional issues. 916 S.W.2d 794, 795 (Mo.1996) (en banc). In *Boone County Court v. State of Missouri,* a statute required second class counties to increase the annual salaries of collectors. 631 S.W.2d 321, 323 (Mo.1982) (en banc).

Unlike the entities in the cited cases, defendant cannot point to a statute requiring it to perform an activity. Only after defendant chose to operate a water treatment plant was the permit statute triggered. As a result, the Hancock Amendment is not implicated and plaintiff is entitled to judgment as a matter of law.

### Conclusion

For the reasons outlined above, plaintiff's Motion for Summary Judgment is granted and defendant's Cross–Motion for Summary Judgment is denied. Because the parties seem to disagree about the amount owed for past permits and interest, this Court shall delay entering judgement until the remedy issue can be briefed.

Accordingly, it is hereby

ORDERED that plaintiff's Motion for Summary Judgment (doc. # 17) is granted. It is further

ORDERED that defendant's Cross–Motion for Summary Judgment (doc. # 18) is denied. It is further

ORDERED that plaintiff shall file on or before July 11, 1996 a brief outlining the remedies sought. It is further

ORDERED that defendant shall file on or before July 18, 1996 a Response to plaintiff's filing.