**WOLFF SHOE COMPANY, Appellant,**

v.

**DIRECTOR OF REVENUE,**
Respondent.

No. 70221.

Supreme Court of Missouri,
En Banc.

Dec. 13, 1988.

Douglas D. Hommert, Bernard A. Barken, Clayton, for appellant.

William L. Webster, Atty. Gen., Melodie A. Powell, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Special Judge.

This is an appeal from a final decision of the Administrative Hearing Commission involving the construction of the revenue laws of the State of Missouri. This Court has exclusive jurisdiction. *Mo. Const. art. V, § 3.* The sole issue presented is whether *§ 144.010.1(7), RSMo 1986,* excludes income from appellant's sales, in which both the shipping point and the destination point are outside Missouri, from the numerator of the single factor formula contained in *§ 143.451.2(2), RSMo 1986.* The Administrative Hearing Commission held *§ 144.-010.1(7)* is not binding when a sale of tangible property from a shipping point outside Missouri to a designation point outside Missouri is involved. We reverse.

The facts are not in dispute. Appellant, Wolff Shoe Company (Wolff), is a Missouri corporation engaged in designing and selling shoes. Prior to 1980, Wolff manufactured some of its shoes in Missouri; in October 1980 Wolff ceased manufacturing shoes and began purchasing shoes exclusively from Italy and Spain. Wolff had salespersons throughout the United States who acted as independent contractors in soliciting sales orders. These salespersons transmitted the sales orders to Wolff's Missouri office which then forwarded the orders to overseas factories for acceptance and fulfillment. The overseas factories were unrelated to Wolff and had the right to reject the orders. When an order was filled, Wolff's overseas agent inspected it. If approved, the factory shipped the shoes by common carrier to Wolff's overseas warehouse where Wolff took title to and possession of the shoes. A forwarding agent arranged for a common carrier to transport the shoes to New York. From New York, the shoes were shipped to the customers who had ordered them.

Wolff timely filed Missouri corporate income tax returns for its fiscal years ending October 31, 1980, October 31, 1981, October 31, 1982, and October 31, 1983. On these returns Wolff elected the single factor formula to apportion income in accordance with *§ 143.451.2(2). Section 143.451* provides in pertinent part:

1. Missouri taxable income of a corporation shall include all income derived from sources within this state.

2. A corporation described in subdivision (1) of subsection 1 of section 143.441 shall include in its Missouri taxable income all income from sources within this state, including that from the transaction of business in this state and that from the transaction of business partly done in this state and partly done in another state or states. However:

&ast; &ast; &ast; &ast; &ast; &ast;

(2) The taxpayer may elect to compute the portion of income from all sources in this state in the following manner:

&ast; &ast; &ast; &ast; &ast; &ast;

(b) The amount of sales which are transactions wholly in this state shall be added to one-half of the amount of *sales which are transactions partly within this state and partly without this state,* and the amount thus obtained shall be divided by the total sales ..., and the net income shall be multiplied by the fraction thus obtained, to determine the proportion of income to be used to arrive at the amount of Missouri taxable income. (Emphasis added.)

Wolff treated shoe sales to Missouri destinations as partly within and partly without Missouri; it treated shoe sales to destinations outside Missouri as wholly without Missouri, and thus did not include these sales in the numerator of the single factor formula. *Section 144.010.1(7)* defines the phrase "partly within this state and partly without this state." The section states:

> For the purposes of taxation under *chapter 143, RSMo*, a transaction involving the sale of tangible property is:
>
> (a) "Wholly in this state" and not "in commerce" if both the seller's shipping point and the purchaser's destination point are in this state;
>
> (b) "Partly within this state and partly without this state" and "in commerce" if: (i) the seller's shipping point is in this state and the purchaser's destination point is outside this state, or (ii) the seller's shipping point is outside this state and the purchaser's destination point is in this state. The purchaser's destination point shall be determined without regard to the F.O.B. point or other conditions of the sale. (Emphasis added.)

The Director of Revenue audited Wolff for the above-mentioned years and determined that, for apportionment purposes under *§ 144.351.2(2)*, all of Wolff's sales were partly within and partly without Missouri. On appeal, the Administrative Hearing Commission held that Wolff's sales, in which neither the shipping point nor the destination point was in Missouri, were to be treated as partly within Missouri and partly without Missouri for purposes of apportionment under *§ 143.451.2(2)*. The Commission ruled that *§ 144.010.1(7)* is "binding when a transaction clearly fits within its limited provisions, but otherwise is irrelevant." Thus, it concluded, sales in which both the shipping point and destination point are outside Missouri are not governed by *§ 144.010.1(7)*. Instead, the "source of income test" as set forth in *In re Kansas City Star Co.*, 142 S.W.2d 1029 (Mo. banc 1940), is to be applied. Under this test, the Commission held that Wolff's sales which were from outside Missouri to outside Missouri should be entered into the

numerator of the single factor formula. This appeal followed.

■ At the outset, this Court recognizes the applicable standard of review. We must uphold the decision of the Administrative Hearing Commission if it is authorized by law and supported by competent and substantial evidence upon the whole record, unless the result is clearly contrary to the reasonable expectations of the General Assembly. *Becker Electric Co. v. Director of Revenue*, 749 S.W.2d 403, 405 (Mo. banc 1988); § 621.193, RSMo 1986. As well, we reiterate our adherence to the basic precept that tax statutes are to be strictly construed in favor of the taxpayer and against the taxing authority. *Brown Group, Inc. v. Administrative Hearing Comm'n*, 649 S.W.2d 874, 881 (Mo. banc 1983).

■ The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. *Metro Auto Auction v. Director of Revenue*, 707 S.W.2d 397, 401 (Mo. banc 1986). And, where a statute's language is clear and unambiguous, there is no room for construction. *Id.* In determining whether the language is clear and unambiguous, the standard is whether the statute's terms are plain and clear to one of ordinary intelligence. *Alheim v. F.W. Mullendore*, 714 S.W.2d 173, 176 (Mo.App. 1986). Moreover, the plain and unambiguous language of a statute cannot be made ambiguous by administrative interpretation and thereby given a meaning which is different from that expressed in a statute's clear and unambiguous language. *Blue Springs Bowl v. Spradling*, 551 S.W.2d 596, 600 (Mo. banc 1977).

■ On its face, *§ 144.010.1(7)* defines when a transaction involving the sale of tangible property is "wholly within this state" or "partly within this state and partly without this state." We do not believe the definitions should be construed as merely precatory or illustrative. The plain and ordinary meaning of the statute covers all sales of tangible property; there is

nothing in the statute suggesting that sales of tangible property, in which neither the shipping point nor the destination point are in Missouri, are subject to Missouri income taxation. Thus, a sale of tangible property from a shipping point outside Missouri to a destination point outside Missouri is excluded from the numerator of *§ 143.451.2(2).*

■ Further, we recognize the rule of statutory construction that "the express mention of one thing implies the exclusion of another." *Harrison v. MFA Mutual Ins.*, 607 S.W.2d 137, 146 (Mo. banc 1980). *See also State ex rel River Corp. v. State Tax Comm'n*, 492 S.W.2d 821, 829 (Mo. 1973). *Section 144.010.1(7)* plainly and expressly states that a transaction involving the sale of tangible property is partly within and partly without Missouri if either (1) the shipping point is in Missouri and the destination point is outside the state, or (2) the shipping point is outside Missouri and the destination point is in the state. The statute makes no mention of sales where both the shipping and destination points are outside Missouri, and thus implicitly excludes such sales from its embrace. The legislature has plainly and clearly defined what types of sales fall within the phrase "partly within and partly without Missouri;" it is not necessary that the legislature define every type of transaction which is not included in the phrase.

The decision of the Administrative Hearing Commission is reversed.

BILLINGS, C.J., and BLACKMAR, WELLIVER, ROBERTSON, RENDLEN, and HIGGINS, JJ., concur.

DONNELLY, J., not sitting.