Dear Representative Sheldon:
This opinion letter is in response to your question asking:
 May a taxpayer receive a partial refund of property taxes pursuant to subsection 5 of Section 139.031 as enacted by House Bill No. 728, 85th General Assembly, First Regular Session (1989), for taxes mistakenly or erroneously paid, where within one year after payment of the taxes, the taxpayer discovers, and the county assessor agrees, that: (1) the taxpayer was assessed and paid taxes on a house which the taxpayer did not own, and (2) the taxpayer was assessed and paid taxes on a farm which farm was of significantly fewer acres than the number of acres on which the assessment was based?
House Bill No. 728, 85th General Assembly, First Regular Session (1989) (hereinafter referred to as "House Bill No. 728") repealed Section 139.031, RSMo Supp. 1988, and enacted a new Section 139.031. Subsection 5 of Section 139.031 as enacted by House Bill No. 728 provides:
 5. All the county collectors of taxes, and the collector of taxes in any city not within a county, shall, upon written application of a taxpayer, refund any real or tangible personal property tax mistakenly or erroneously paid in whole or in part to the collector, or shall credit against the taxpayer's tax liability in the following taxable year any real or personal property tax mistakenly or erroneously levied against the taxpayer and collected in whole or in part by the collector.
Such application shall be filed within one year after the tax is mistakenly or erroneously paid. The governing body, or other appropriate body or official of the county or city not within a county, shall make available to the collector funds necessary to make refunds under this subsection by issuing warrants upon the fund to which the mistaken or erroneous payment has been credited, or otherwise. [Emphasis added.]
The provisions added in 1989 by House Bill No. 728 have been highlighted above by underlining.
From the information you provided with your opinion request, we understand the first situation involves a house which is located on property adjoining the taxpayer's property but whose value was included in the assessed valuation of the taxpayer's property. The second situation involves a farm which consists of substantially fewer acres than what the assessor thought when the assessor valued the property.
Section 139.031.5 provides for a tax refund for taxes which have been mistakenly or erroneously paid or a tax credit for taxes which have been mistakenly or erroneously levied. If the overpaid taxes cannot be construed to be mistakenly or erroneously paid or levied, Section 139.031.5 is not applicable.
While there have been several cases in Missouri which have attempted to define what constitutes taxes which have been mistakenly or erroneously paid, there is no Missouri case law which defines the phrase "mistakenly or erroneously levied" as used in Section 139.031.5. In the most recent case which interpreted "mistakenly or erroneously paid" in Section139.031.5 prior to the 1989 amendment, the Missouri Supreme Court held that a property owner was entitled to a refund of taxes "mistakenly or erroneously paid," where the assessor failed to provide the owner with notice of increased valuation, thus rendering the increase invalid. Crest Communications v.Kuehle, 754 S.W.2d 563 (Mo. banc 1988). This case provides little guidance regarding the situations about which you are concerned.
Since there is no case law which has interpreted the meaning of "mistakenly or erroneously levied," the rules of statutory interpretation should be followed. "The primary rule of statutory construction is to ascertain the intent of the legislature from language used, to give effect to that intent, if possible, and to consider words used in their plain and ordinary meaning." Wolff Shoe Company v. Director ofRevenue, 762 S.W.2d 29, 31 (Mo. banc 1988). The plain and ordinary meaning of the words which constitute the phrase "mistakenly or erroneously levied" can be derived from Black'sLaw Dictionary 487, 816, 903 (5th ed. 1979).
 Error. A mistaken judgment or incorrect belief as to the existence or effect of matters of fact . . . . (Emphasis added.)
 Levy, v. To assess; raise; execute; exact; tax; collect; gather; take up; seize. Thus, to levy (assess, exact, raise, or collect) a tax; . . . . (Emphasis added.)
 Mistake. Some unintentional act, omission, or error arising from ignorance, surprise, imposition, or misplaced confidence. A mistake exists when a person, under some erroneous conviction of law or fact, does, or omits to do, some act which, but for the erroneous conviction, he would not have done or omitted. It may arise either from unconsciousness, ignorance, forgetfulness, imposition, or misplaced confidence. (Emphasis added.)
With the aid of these definitions, the issue posed can be further refined into the question, was the assessor's assessment of the property in question affected by his/her incorrect belief about the existence or effect of a fact? The answer to that question is yes. The assessor in both factual situations presented was incorrect in his or her belief of the facts; the fact of on whose property a house was located and the fact of how large a piece of property was. These incorrect beliefs of fact caused the assessment to be unduly large; therefore, the taxpayer's tax was "mistakenly or erroneously levied."
If taxes are mistakenly or erroneously levied, and then paid, the taxpayer may apply for a credit against his/her tax liability in the following taxable year. Therefore, in the situations about which you are concerned, the taxpayers are entitled to a credit against their tax liability in the following taxable year.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General