The Honorable Jean H. Mathews Representative, District 73 2620 North Waterford Drive Florissant, Missouri 63033
Dear Representative Mathews:
You have requested the opinion of this office in response to two questions concerning a letter dated August 1989 from Vincent C. Schoemehl, Jr. and Thomas A. Villa relating to a sales tax proposition voted on August 8, 1989. The letter recites it was paid for by the City of St. Louis. A copy of the letter is attached hereto as Exhibit A. The questions you posed are as follows:
 1. Is the City of St. Louis in violation of Section 115.646, RSMo, as passed by the General Assembly in 1988 in that it printed and mailed to every registered voter a letter signed by its two top elected office holders advocating the passage of Proposition A on the August 8, 1989 ballot?
 2. Is the City of St. Louis in violation of Section 130.051, RSMo 1986, in that there has been no required report filed on its behalf with the appropriate office?
Section 115.646, RSMo Supp. 1989, to which you refer provides:
 115.646. Public funds expenditure by political subdivision officers or employee, prohibited — personal appearances permitted. — No contribution or expenditure of public funds shall be made directly by any officer, employee or agent of any political subdivision to advocate, support, or oppose any ballot measure or candidate for public office. This section shall not be construed to prohibit any public official of a political subdivision from making public appearances or from issuing press releases concerning any such ballot measure. [Emphasis added.]
The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in a statute in their plain and ordinary meaning. Wolff ShoeCompany v. Director of Revenue, 762 S.W.2d 29, 31 (Mo. banc 1988). The ordinary, usual and commonly understood meaning may be derived from the dictionary. Boone County Court v. State,631 S.W.2d 321 (Mo. banc 1982).
The primary issue for consideration is whether or not the attached letter "advocates" or "supports" the ballot measure. Webster's Third New International Dictionary defines the verb "advocate" as follows:
 "to plead in favor of: defend by argument before a tribunal or the public: support or recommend publicly"
In deciding whether the letter "advocates" or "supports" the sales tax proposition, we look to such factors as the style, tenor and timing of the publication. See Stanson v. Mott,17 Cal.3d 206, 130 Cal.Rptr. 697, 551 P.2d 1, 12 (1976). In considering the letter about which you are concerned, we conclude the letter "advocates" or "supports" the ballot proposition and is within the prohibition of Section 115.646, RSMo Supp. 1989, if public funds were expended in the preparation and mailing of the letter.
Your second question concerns whether the City is required to file a report under Section 130.051, RSMo 1986. Enclosed herein is a copy of Missouri Attorney General Opinion No. 21-88 which addressed a similar question with respect to school districts. Section 130.051, RSMo 1986 is quoted extensively in that opinion. The reasoning in that opinion dealing with school districts is equally applicable to the City of St. Louis. Therefore, if the amount of public funds expended in the preparation and mailing of the letter requires a report to be filed under Section 130.051, RSMo 1986, the filing of a report by the City is required.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 21-88
August 1989
Dear Saint Louisan:
On Tuesday, August 8, you will have the opportunity to vote for Proposition A to retain a 3/8 cent sales tax that is currently being collected. This tax brings in $12 million which represents 4 percent of the City's annual revenue. These funds are used to provide essential services to City residents.
In March of 1987, Saint Louis voters overwhelmingly supported the retention of the 3/8 cent sales tax for a three (3) year period which would expire in March 1990. After the election, the Mayor appointed a blue ribbon panel of community and government leaders to review the City's entire tax structure and recommend reforms that would be fair to citizens and business concerns.
This panel, which was known as the Saint Louis Tax Reform Commission, recommended the elimination of the head tax, the revamping of the City's business license system and the institution of a new payroll expense tax on for-profit businesses. These reforms were approved by the voters in 1988. The Commission also recommended that the 3/8 cent sales tax be made permanent in order to maintain City services and to keep an equitable balance between business and individual taxes.
The passage of Proposition A will ensure that basic services such as fire and police protection, trash collection, recreation programs and street lighting can be maintained at their current levels. Proposition A will not impose a new tax. Its passage will ensure that the current flow of tax revenue will be uninterrupted.
We believe the retention of this tax is crucial to our City's ability to provide essential services.
Sincerely,
 Vincent C. Schoemehl, Jr. Thomas A. Villa Mayor President, Board of Aldermen
 This public information letter was paid for by the City of Saint Louis.