The Honorable Steve Ehlmann Representative, District 19 State Capitol Building, Room 201E Jefferson City, Missouri 65101
Dear Representative Ehlmann:
This opinion is in response to your questions asking:
 Assuming a central dispatching center meets the minimum equipment and personnel requirements of Section 321.245, RSMo, and receives funds pursuant to Sections 321.243
and 321.245, RSMo, which of the following are proper expenditures:
 1. For the dispatching of ambulances? Does it matter whether they are operated by a fire district or an ambulance district?
 2. For the dispatching of law enforcement departments?
It is our understanding your questions relate to the approval by the voters of St. Charles County of a tax to provide joint, central fire and emergency dispatching service.
The pertinent statutes are Section 321.243, RSMo Supp. 1990, and Section 321.245, RSMo Supp. 1990. Section 321.243
provides:
 321.243. Tax authorized for dispatching center — requirements — funds, payment from. — 1. Notwithstanding any other provision of law, an additional tax of not to exceed three cents per one hundred dollars of assessed valuation may be levied and collected by any city, town, village, county, or fire protection district, but all the funds derived from such tax shall be used solely for the purpose of providing a joint, central fire and emergency dispatching service.
 2. The additional tax prescribed by this section shall be levied only when the governing body of the city, town, village, county, or fire protection district determines that a central fire and emergency dispatching center is available, that the center meets the minimum requirements set by section 321.245, and when the governing body has entered into a contract with the center for fire and emergency dispatching services. The funds from the tax shall be kept separate and apart from all other funds of the city, town, village, county, or fire protection district, and shall be paid out only on order of the governing body.
 3. In addition to the tax prescribed by subsections 1 and 2 of this section, an additional tax of not to exceed two cents per one hundred dollars of assessed valuation which has been approved by the voters may be levied and collected by any city, town, village, county, or fire protection district, but all of the funds derived from such tax shall be used solely for the purpose of providing a joint, central fire and emergency dispatching service.
Section 321.245 provides:
 321.245. Personnel and equipment required for dispatching center. — 1. No central dispatching center shall qualify to receive any funds collected pursuant to section 321.243 and this section unless it meets the following minimum equipment and personnel requirements:
 (1) Two separate transmitters and receivers capable of operating on all working fire radio frequencies included in the area to be covered, together with monitor receivers for police frequencies, point-to-point police or local police dispatchers operating on a twenty-four hour basis, plus an emergency power source capable of operating all equipment and lights necessary for dispatching for an indefinite period of time;
 (2) Duo-multichannel recording equipment for all radio frequencies and telephone trunk "hot lines", complete with automatic transfer on failure of logging recorder and automatic time inserted on recorder and with instant playback on any channel at dispatcher's position without interruption of regular log recorder;
 (3) A minimum of three trunk telephone lines designated as "hot lines" in reserve for "fire or emergency" calls only, plus such other lines as may be necessary to conduct the normal business of the center which may also be used for fire or emergency purposes;
 (4) A chief dispatcher to be in charge of operations, who shall be directly responsible to the management of the dispatching service;
 (5) Sufficient senior dispatchers to provide twenty-four hour attendance at the center;
 (6) Such assistant dispatchers as may be necessary to provide two-man switchboard operation during certain hours as prescribed in section 321.243 and this section;
 (7) Alarm circuits to engine houses from dispatching center shall be two of the following type systems: wired circuit or by telephone line; radio circuit or by tone signaling; or microwave radio circuit; so that upon failure of either circuit the other will operate independently, and both circuits must be capable of sounding alarm at any engine house;
 (8) Radio alarm equipment at each engine house capable of operating without local utility power for a period of at least eight hours; and
 (9) Radio equipment on all fire vehicles which answer alarms which will provide two-way voice communication between the equipment and the dispatching center.
 2. A minimum of two dispatchers shall be on duty at all times in any central dispatching center between the hours of 7:00 a.m. and 11:00 p.m. If only one dispatcher is on duty at other times, a twenty-minute watchman's check shall be maintained.
 3. All dispatchers shall be at least eighteen years of age. They shall devote their full time to this occupation. Each dispatcher must be capable of operating all equipment used in the dispatching center.
 4. Each dispatching center shall employ sufficient personnel to insure that no person will be required to be on duty without at least twelve hours between shifts.
Your first question asks whether or not a central dispatching center may provide for the dispatch of ambulances. Section 321.243.1 specifically states that any funds from the additional tax can only be used for the purpose of providing a joint, central fire and emergency dispatching service. The term "emergency dispatching service" is not defined in Section321.243. Words used in a statute are to be considered in their plain and ordinary meaning. Wolff Shoe Company v. Director ofRevenue, 762 S.W.2d 29, 31 (Mo. banc 1988). The term "emergency" is defined in Webster's New World Dictionary, Second College Edition, as: "a sudden, generally unexpected occurrence or set of circumstances demanding immediate action." An ambulance would customarily be dispatched in response to certain emergencies. Since the permissible purposes of the central dispatching center include "emergency dispatching" and ambulances are customarily dispatched in response to certain emergencies, we conclude the dispatching of ambulances is a legally permissible service to be provided by a central dispatching center.
In addition, the presumption is that the legislature did not intend for any part of a statute to be without meaning or effect. Stiffelman v. Abrams, 655 S.W.2d 522, 531 (Mo. banc 1983). By including "and emergency" within the phrase "fireand emergency dispatching services," presumably the legislature intended the central dispatching center to be permitted to dispatch more than just in response to fires. [Emphasis added.] Otherwise, "and emergency" would be without meaning or effect.
The tax about which you are concerned we understand was adopted by the voters of St. Charles County. Section 321.241
was amended in 1988 to permit a county to enact such a tax.See House Committee Substitute for Senate Bill No. 725, 84th General Assembly, Second Regular Session (1988). Under subsection 2 of Section 321.243, the additional tax is "for fire and emergency dispatching services." There is no statutory restriction which limits the dispatching of ambulances to only those operated by a fire protection district or only those operated by an ambulance district. Therefore, we conclude that the dispatching of ambulances, whether operated by a fire protection district or an ambulance district, is a legally permissible service to be provided by the central dispatching center.
Your final question asks whether or not a central dispatching center may provide for the dispatching for law enforcement departments. Just as ambulances are dispatched in response to certain emergencies, law enforcement departments respond to certain emergencies. For the same reasons discussed previously with regard to ambulances, we conclude the dispatching for law enforcement departments is a legally permissible service to be provided by a central dispatching center.
CONCLUSION
It is the opinion of this office that under Sections321.243 and 321.245, RSMo Supp. 1990, it is legally permissible for a central dispatching center to provide for the dispatching of ambulances, whether such ambulances are operated by a fire protection district or an ambulance district, and for the dispatching for law enforcement departments.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General