W. James Icenogle Camden County Prosecuting Attorney Camden County Courthouse One Court Circle Camdenton, Missouri 65020
Dear Mr. Icenogle:
This opinion is in response to your questions asking:
 Under Section 80.230 RSMo, when a vacancy arises on the five (5) member Board of Trustees of a Village and the vacancy is not in the Office of Chairman, may the sitting Chairman participate in the vote to fill the vacancy on the board?
 On a five (5) member board, when there is one vacancy, are other actions taken by the board valid prior to filling of the vacancy and if so, is the majority required under Sections 80.070 and 80.110, RSMo a minimum of three (a majority of the full board) or may action be taken with a two to one majority, for example, if one member should abstain or be disqualified from voting?
Along with your questions, you state:
 The facts giving rise to this request are as follows: A vacancy was created on the Board of Trustees of the Village of Four Seasons Missouri through the death of one of its members. The deceased trustee was not chairman of the board. Inasmuch as the vacancy was not created in the Office of Chairman, a vote was held to fill the vacancy and the sitting chairman cast a vote. The vote was two to two and the board is deadlocked.
 This raises the question of whether the chairman can vote and if not, whether a majority of less than three members of the board would be a valid vote on this matter or any other action which the board might take during the existence of this vacancy. Also, the board has continued with its regular business during the vacancy and some question was raised as to the validity of their actions in light of the mandatory language of Section 80.230 RSMo.
Section 80.060, RSMo 1986, provides that "[t]he chairman may vote on any proposition before the board." This must be considered along with Section 80.230, RSMo 1986, which provides:
 80.230. Trustees — vacancy, how filled. — All vacancies in the board of trustees shall be filled by the remaining members of the board. In case the office of chairman becomes vacant, the remaining members shall select one of their own number as temporary chairman and then proceed to elect some person to fill such vacancy; provided, the chairman or temporary chairman shall have no vote except in case of a tie. [Emphasis added.]
In Attorney General Opinion No. 328, Anderson, 1962, a copy of which is enclosed, we concluded that in filling vacancies on the board the chairman of a board of trustees of a village has no vote unless there is a tie. This conclusion was based on the case Krug v. Village of Mary Ridge, 271 S.W.2d 867 (Mo.App. 1954), where the court of appeals stated:
 It should be pointed out that the chairman of the board of trustees of a village is not a mere presiding officer with the power to vote only in case of a tie (as in the case of the mayor of the fourth class city, § 79.120). He is entitled to vote on all measures which come before the board, except that in filling vacancies on the board the chairman has no vote unless there is a tie. Section 80.230.
Id., 271 S.W.2d at 872.
We believe Opinion No. 328, Anderson, 1962 remains valid. Legislative intent should be ascertained from the language used, considering words in their plain and ordinary meaning. WolffShoe Company v. Director of Revenue, 762 S.W.2d 29, 31 (Mo. banc 1988). Based on the plain language of the statute, we conclude that the chairman of the board has no vote in filling a vacancy on the board of trustees unless there is a tie.
The statement of facts accompanying your opinion request raises the additional question of whether a majority vote of the remaining three members of the board, excluding the chairman, is sufficient to fill a vacancy. Section 80.230, RSMo 1986, expressly provides for a vacancy to be filled "by the remaining members of the board." The chairman or temporary chairman has no vote except in the case of a tie. In the facts you present, this provision would mean three members of the board are eligible to vote.
Nothing in Section 80.230, RSMo 1986, expressly requires a unanimous vote of remaining members to fill a vacancy. "[T]he courts indulge a strong presumption against a legislative intent to create a condition that might result in a vacancy in public office." State ex inf. Lamkin, ex rel. Harrison v. Tennyson,151 S.W.2d 1090, 1091 (Mo. banc 1941). Based on the language of the statute, we conclude a vacancy on a board of trustees can be filled by a two-to-one vote of the remaining members, excluding the chairman.
Your second question asks whether other actions taken by the board prior to filling the vacancy are valid and how many votes are required for action to be taken. We assume that the reference to "action" in the question means the enactment of an ordinance as provided by Section 80.110, RSMo 1986.
Section 80.070, RSMo 1986, provides:
 80.070. Trustees — quorum. — At all meetings of the board, a majority of the trustees shall constitute a quorum to do business; a smaller number may adjourn from day to day, and may compel the attendance of absent members in such manner and under such penalties as the board of trustees previously, by ordinance, may have prescribed. [Emphasis added.]
Section 80.110, RSMo 1986, provides:
 80.110. Trustees — passage of ordinances. — No ordinance shall be passed except by bill, and no bill shall become an ordinance unless on its passage a majority of all the members of the board of trustees vote therefor, and the yeas and nays be entered upon the journal; . . . [Emphasis added.]
Sections 80.070 and 80.110, RSMo 1986, refer to a "majority of the trustees" and a "majority of all the members of the board of trustees." In Braddy v. Zych, 702 S.W.2d 491 (Mo.App. 1985) the court considered the meaning of the phrase "all the members" and whether such phrase referred to the full authorized membership of a board or the actual membership of the board at the time the vote is taken. The court reviewed cases from other states and concluded the better view is that "all the members" refers to the full authorized membership. Following the view inBraddy v. Zych, supra, we conclude that the references to a "majority of the trustees" and a "majority of all the members of the board of trustees" in Sections 80.070 and 80.110, RSMo 1986, refer to a majority of the full authorized membership of the board.
Section 80.040, RSMo 1986, states the corporate powers of a village "shall be vested in a board of trustees, to consist of five members. . . ." A majority of the full authorized membership of the board of trustees, namely, a majority of the five trustees, is three members. Therefore, pursuant to Sections 80.070 and 80.110, RSMo 1986, a quorum of a five-member board of trustees is three members and a majority, or three members, must vote to pass an ordinance.
Furthermore, we find no provisions declaring invalid an action taken by a board prior to filling a vacancy.
CONCLUSION
It is the opinion of this office that 1) pursuant to Section 80.230, RSMo 1986, the chairman of the board of trustees of a village has no vote in filling a vacancy on the board except in case of a tie, 2) a vacancy on the board of trustees can be filled by a two-to-one vote of the remaining members, excluding the chairman, 3) pursuant to Section 80.070, RSMo 1986, a quorum of a five-member board of trustees of a village is three (3) members, and 4) pursuant to Section 80.110, RSMo 1986, three (3) members must vote to pass an ordinance regardless of any vacancy.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 328, Anderson, 1962