The Honorable Emory Melton Senator, District 29 State Capitol Building, Room 420A Jefferson City, Missouri 65101
Dear Senator Melton:
This opinion is in response to your question asking:
 The Village of Emerald Beach in Barry County has requested the County Collector of Revenue to collect maintenance fees for streets, weed cutting and water works which the village has denominated as "taxes." These fees are assessed by virtue of a village ordinance and billed to the lot owners as "taxes."
 Assuming the Village has the authority under Chapter 80, RSMo 1986, to make a valid charge to lot owners does the County Collector of Revenue have any obligation or authority to collect these fees under Section 80.480, RSMo 1986? Or, in other words, is the application of Section 80.480
RSMo 1986, limited to taxes resulting from a levy imposed on the real estate and personal property by the Village under Section 80.430?
Section 80.480, RSMo 1986, provides:
 80.480. Assessment and collection of revenues. — All assessments on real and personal property within the limits of such town, which may be certified and transmitted to the board of trustees, from time to time, as provided in section 80.460, shall be taken and considered as the lawful and proper assessment on which to levy and collect the municipal taxes of the town, and the payment of all taxes authorized by this chapter shall be enforced by the collector in the same manner and under the same rules and regulations as may be provided by law for collecting and enforcing the payment of state and county taxes, and for that purpose it shall be the duty of the board of trustees to require the collector, annually, to make out and return, under oath, a list of delinquent taxes remaining due and uncollected on the first day of January of each year, to be known as the delinquent list. It shall be the duty of the board of trustees, at the next meeting after such delinquent list shall be returned, or as soon thereafter as convenient, carefully to examine the same, and if it shall appear that all property and taxes contained in said list are properly returned as delinquent, they shall approve such list and cause an order of approval to be entered on the journal, and the amount of taxes in such list to be credited on the account of the collector; and shall also cause said delinquent list or a certified copy thereof, with the bills therefor, to be placed in the hands of the county collector, who shall give a receipt therefor and proceed to collect the taxes due thereon, in like manner and with the same effect as delinquent taxes for state and county purposes are collected. The said collector shall pay over the taxes collected to the city treasurer, at the times and in the manner provided by law for the payment of county taxes to the county treasurer, and shall make the same statements and settlements for such taxes with the board of trustees, and at the same time as may be provided by law for statements and settlements with the county court for county taxes, and all taxes shall bear the same rate of interest, and the same penalties shall attach to the nonpayment thereof when due, as may be provided by law in cases of county taxes. A certified copy of any tax bill included in the delinquent list, approved by the board of trustees, shall in all cases be prima facie evidence that the amount therein specified is legally due by the party against whom such tax bill is made out, and that all provisions of the law and ordinances have been duly complied with, and that the same is a lien on the property therein described.
In Attorney General Opinion No. 99, Woolsey, December 27, 1955, a copy of which is enclosed, this office concluded that Section 80.480, RSMo, makes it the duty of the town or village collector provided for by Section 80.240, RSMo, to collect taxes levied by the board of trustees of an incorporated village or town. As interpreted by Opinion No. 99, supra, Section 80.480, RSMo, imposes a duty on the county collector only when the town or village collector prepares a delinquent tax list for the board of trustees who then turns it over to the county collector for collection. Although Opinion No. 99, supra, is somewhat dated, the statutes discussed have not changed, and it remains valid.
Your question does not indicate whether the charges discussed are considered to be delinquent. If not, pursuant to Opinion No. 99, supra, the county collector is not authorized under Section 80.480, RSMo 1986, to collect such charges.
Let us next consider the situation where such charges are considered to be delinquent. Section 80.480, RSMo 1986, provides in part that "the payment of all taxes authorized bythis chapter shall be enforced by the collector in the same manner and under the same rules and regulations as may be provided by law for collecting and enforcing the payment of state and county taxes. . . ." [Emphasis added.] Throughout Section 80.480, RSMo 1986, the charges to which such section applies are referred to as "taxes." Legislative intent should be determined from the language used, considering words in their plain and ordinary meaning. Wolff Shoe Company v. Director ofRevenue, 762 S.W.2d 29, 31 (Mo. banc 1988). Based on the language of Section 80.480, RSMo 1986, such section pertains to "taxes" authorized by Chapter 80, RSMo.
In Zahner v. City of Perryville, No. 73136, (Mo. banc, July 23, 1991), the Court examined the issue of whether assessments against properties for improvements, maintenance or upkeep of paved streets abutting the properties were "taxes" or "fees" for purposes of Article X, Sections 16 to 24 of the Missouri Constitution (commonly referred to as the Hancock Amendment). The Court concluded that such special assessments were neither "taxes" nor "fees." The Court stated:
 While the words "special assessment," "fee," and "tax" may sometimes be used interchangeably, the term "special assessment" is generally understood to be related either to a specific property or a specific purpose. Webster's Third New International Dictionary 131 (1965). The special assessment levied in this case comports with the general understanding of a special assessment and does not comport with the definition of either tax or fee as the meanings of those words derive from the dictionary and from previous interpretation by this Court.
Id., slip op. at 5.
 The special assessment tax bills against abutting properties caused to be charged by the City of Perryville fit none of the established definitions of a tax. . . .
Id. at 7.
The charges discussed in your question would not fall within the meaning of a "tax" as referred to in Chapter 80, RSMo, but rather, a special assessment. Section 80.480, RSMo 1986, provides for delinquent "taxes" to be referred to the county collector for collection. So even if the charges are delinquent, the county collector is not authorized under Section80.480, RSMo 1986, to collect such charges.
However, authority for the county collector to collect delinquent special assessments levied by a village is provided in Sections 140.670 and 140.680, RSMo 1986, which state:
 140.670. City delinquent taxes, when returned — duties of collector. — 1. The collectors of all cities and incorporated towns having authority to levy and collect taxes under their respective charters or under any law of this state, which return their delinquent tax lists to the county collector to collect, shall, on or before the first Monday in March, annually, return to the county collector a list of lands and lots on which the taxes or special assessments levied by the city or incorporated town remain due and unpaid.
 2. The county collector shall receipt for the aggregate amount of the delinquent taxes, which receipt shall be held by the treasurer of the city or town, and shall stand as evidence of indebtedness upon the part of the county collector and his bondsmen to the city or town, until settlement in full has been made by payment to the treasurer or his successor of all taxes thus receipted for, or by a return of the part as is uncollectible. [Emphasis added.]
 140.680. Power to collect such taxes. — The power to collect such city or incorporated town tax or special assessments before sale is hereby given to the county collector after said delinquent list is received by him. [Emphasis added.]
While Section 80.480, RSMo 1986, provides authority for the county collector to collect only delinquent "taxes" of a village, Sections 140.670 and 140.680, RSMo 1986, specifically authorize the collection of "special assessments" as well as "taxes."
Based on the foregoing, we conclude a county collector is authorized under Sections 140.670 and 140.680, RSMo 1986, to collect delinquent special assessments levied by a village.[1]
 CONCLUSION
It is the opinion of this office that a county collector is not authorized under Section 80.480, RSMo 1986, to collect current special assessments levied by a village but is authorized under Sections 140.670 and 140.680, RSMo 1986, to collect such delinquent special assessments.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 99, Woolsey, December 27, 1955
[1] As stated in your question, we assume the special assessments which are the subject of your inquiry are special assessments a village is authorized to levy.