The Honorable Gene Lang Representative, District 120 State Capitol Building, Room 109-C Jefferson City, Missouri 65101
Dear Representative Lang:
This opinion is in response to your question asking:
 May the Board of Regents of a State College or University existing pursuant to Chapter 174 RSMo delegate to the President of such institution the authority to appoint, reappoint and discharge full-time or part-time faculty of such institution?
We understand that your question specifically relates to the Board of Regents of Central Missouri State University.
Section 174.020, RSMo 1986, provides in part that [t]he normal school at Warrensburg, Johnson County, shall hereafter be known as the `Central Missouri State College' . . . ." Section174.030, RSMo 1986, provides:
 174.030. Board authorized to change name — does not grant additional powers or authority. — The board of regents of each state teachers college located in the districts described in subdivisions (1) through (4) of section 174.010 may in its discretion change the name of its college as provided by section 174.020 by eliminating from the name of the institution the words "teachers college" or any of such words and to add the word "university" in lieu of the word "college", and to change the name of the board as provided by section 174.040 by eliminating therefrom the word "teachers" and to add thereto the word "university" in lieu of the word "college"; and thereafter the institutions and boards shall have and enjoy the same rights and privileges as are granted to teachers colleges by law, but nothing herein contained shall be construed to grant authority to such institutions to confer postgraduate degrees except those which may be necessary to the training of teachers for the free public schools of the state, or degrees other than those in education and arts and sciences, nor does it grant additional powers or authorities to those institutions or those boards not enjoyed by other colleges or boards whose names are not changed.
Section 174.120, RSMo 1986, provides in part:
 174.120. College under general control and management of regents. — Each state teachers college shall be under the general control and management of its board of regents, and the board shall possess full power and authority to . . . appoint and dismiss all officers and teachers . . . .
Section 174.090, RSMo 1986, provides in part:
 174.090. Quorum, what constitutes majority of all members, when necessary. — A majority of the members of the board shall constitute a quorum for the transaction of business, but no appropriation of money nor any contract which shall require any appropriation or disbursement of money, shall be made, nor teacher employed or dismissed, unless a majority of all the members of the board vote for the same.
(Emphasis added.)
The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in a statute in their plain and ordinary meaning. WolffShoe Company v. Director of Revenue, 762 S.W.2d 29, 31 (Mo. banc 1988).
Section 174.120 expressly provides that the Board of Regents "shall possess full power and authority" to appoint and dismiss all officers and teachers. Section 174.090 expressly prohibits employment or dismissal of a teacher "unless a majority of all the members of the board vote for the same." We find no provisions authorizing the Board of Regents to delegate this power to the president of the institution.
Furthermore, Section 174.150, RSMo 1986, provides that before any professor or teacher shall be removed "he shall have an opportunity to make a defense before the board by counsel or otherwise; and be allowed to introduce testimony which shall be heard and determined by the board."
Based on the foregoing statutory provisions and the absence of any authorization for the president of the institution to appoint and dismiss faculty, we conclude the Board of Regents of Central Missouri State University cannot delegate to the president of the institution the authority to appoint or dismiss faculty. The statutes make no distinction between full-time and part-time faculty.
CONCLUSION
It is the opinion of this office that the Board of Regents of Central Missouri State University cannot delegate to the president of the institution the authority to appoint or dismiss faculty.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General