[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
The Honorable Doyle Childers Representative, District 132 State Capitol Building, Room 102BB Jefferson City, Missouri 65101
Dear Representative Childers:
This opinion is in response to your question asking:
 May a public school district refuse to allow a child who is being home-schooled to attend some classes in specialized material in the public school district in which he or she resides?
Along with your question, you state:
 A school district which in the past has allowed home-schoolers to selectively utilize the resources of the public school for specialized classes has refused to continue that practice and informs the home-schoolers that it is an all or nothing proposition — you either attend the public school or you home-school, but you do not mix the two. Attorney General's opinions relating to this area are previous to the enactment of home-schooling law and all parties want to obtain a clarification of the present status.
Section 167.031, RSMo Supp. 1991, sets out the compulsory school attendance law and also includes a definition of "home school." Section 167.031 provides:
 167.031. School attendance compulsory, who may be excused — nonattendance, penalty — home school, definition, requirements — school year defined — daily log, defense to prosecution. — 1. Every parent, guardian or other person in this state having charge, control or custody of a child not enrolled in a public, private, parochial, or parish school and between the ages of seven and sixteen years is responsible for enrolling the child in a program of academic instruction which complies with subsection 2 of this section. Any parent, guardian or other person who enrolls a child between the ages of five and seven years in a public school program of academic instruction shall cause such child to attend the academic program on a regular basis, according to this section. Non-attendance by such child shall cause such parent, guardian or other responsible person to be in violation of the provisions of section 167.061, except as provided by this section. A parent, guardian or other person in this state having charge, control, or custody of a child between the ages of seven and sixteen years of age shall cause the child to attend regularly some public, private, parochial, parish, or home school not less than the entire school term of the school which the child attends; except that
 (1) A child who, to the satisfaction of the superintendent of public schools of the district in which he resides, or if there is no superintendent then the chief school officer, is determined to be mentally or physically incapacitated may be excused from attendance at school for the full time required, or any part thereof;
 (2) A child between fourteen and sixteen years of age may be excused from attendance at school for the full time required, or any part thereof, by the superintendent of public schools of the district, or if there is none then by a court of competent jurisdiction, when legal employment has been obtained by the child and found to be desirable, and after the parents or guardian of the child have been advised of the pending action; or
 (3) A child between five and seven years of age shall be excused from attendance at school if a parent, guardian or other person having charge, control or custody of the child makes a written request that the child be dropped from the school's rolls.
 2. (1) As used in sections 167.031 to 167.071, a "home school" is a school, whether incorporated or unincorporated, that:
 (a) Has as its primary purpose the provision of private or religious-based instruction;
 (b) Enrolls pupils between the ages of seven and sixteen years, of which no more than four are unrelated by affinity or consanguinity to the third degree; and
 (c) Does not charge or receive consideration in the form of tuition, fees, or other remuneration in a genuine and fair exchange for provision of instruction.
 (2) As evidence that a child is receiving regular instruction, the parent shall:
(a) Maintain the following records:
 a. A plan book, diary, or other written record indicating subjects taught and activities engaged in; and
 b. A portfolio of samples of the child's academic work; and
 c. A record of evaluations of the child's academic progress; or
 d. Other written, or credible evidence equivalent to subparagraphs a., b. and c.; and
 (b) Offer at least one thousand hours of instruction, at least six hundred hours of which will be in reading, language arts, mathematics, social studies and science or academic courses that are related to the aforementioned subject areas and consonant with the pupil's age and ability. At least four hundred of the six hundred hours shall occur at the regular home school location.
 3. Nothing in this section shall require a private, parochial, parish or home school to include in its curriculum any concept, topic, or practice in conflict with the school's religious doctrines or to exclude from its curriculum any concept, topic, or practice consistent with the school's religious doctrines. Any other provision of the law to the contrary notwithstanding, all departments or agencies of the state of Missouri shall be prohibited from dictating through rule, regulation or other device any statewide curriculum for private, parochial, parish or home schools.
 4. A school year begins on the first day of July and ends on the thirtieth day of June following.
 5. The production by a parent of a daily log showing that a home school has a course of instruction which satisfies the requirements of this section shall be a defense to any prosecution under this section and to any charge or action for educational neglect brought pursuant to chapter 210, RSMo.
In Special District for Education and Training ofHandicapped Children of St. Louis County v. Wheeler, 408 S.W.2d 60
(Mo. banc 1966), the Court examined a program in which children attending a parochial school were released from part of their regular six-hour school day to attend speech therapy in buildings maintained by the Special District, a public school district. Id. at 62. The Court found this practice in conflict with the compulsory attendance law, basing its ruling on two statutory provisions. Then Section 167.031 (RSMo Supp. 1965), provided in part: "Every parent, guardian or other person in this state having charge, control or custody of a child between the ages of seven and sixteen years shall cause the child to attend regularly some day school, public, private, parochial or parish, . . ." Id. at 63. Section 163.021, RSMo 1959, provided that the school day is a six-hour day. Id.
Based on the foregoing, the Court concluded that the compulsory attendance laws required a child to be in one school for the entire six-hour school day. "By statute it is mandatory that each child `attend regularly some day school.' We are asked to change the statutory requirement to read `some day schools' or to read `some day school or schools.' We cannot do this." Id.
Subsequent to the Court's decision in Wheeler, this office issued three Attorney General opinions concerning part-time attendance of public schools. Attorney General Opinion No. 144, James, 1971, a copy of which is enclosed, concluded that students between the ages of seven and sixteen enrolled in a nonpublic school could attend a public technical-vocational school on a part-time basis provided the student attended a full six-hour school day at the nonpublic school also. Attorney General Opinions Nos. 133, Jasper, 1971 and 73, James, 1973, copies of which are enclosed, concluded children not within the age group of the compulsory school attendance law could attend public school on a part-time basis, subject to the school's reasonable rules and regulations.
We assume that the students referred to in your question are between the ages of seven and sixteen. We note that Missouri statutes no longer require a six-hour school day.[1]
However, Section 167.031, RSMo Supp. 1991, contains language similar to the language in the earlier version of this statute which led to the Wheeler decision. Section 167.031.1 now states in part:
 . . . A parent, guardian or other person in this state having charge, control, or custody of a child between the ages of seven and sixteen years of age shall cause the child to attend regularly some public, private, parochial, parish, or home school not less than the entire school term of the school which the child attends; . . . . [Emphasis added.]
Legislative intent should be ascertained from the language used, considering words in their plain and ordinary meaning.Wolff Shoe Company v. Director of Revenue, 762 S.W.2d 29, 31
(Mo. banc 1988). We conclude, as did the Court in Wheeler,
that the legislature intended that a child between the ages of seven and sixteen is to attend one of the types of schools listed in Section 167.031.1 for at least the entire term of the school which the child attends. Specifically, a "home school" is required by Section 167.031.2(2)(b) to "[o]ffer at least one thousand hours of instruction."
Section 167.031 specifically provides for part-time attendance of public schools by certain students. See Section167.031.1(1) (mentally or physically incapacitated students) and Section 167.031.1(2) (students between fourteen and sixteen years of age when legal employment has been obtained by the student.) Section 162.996, RSMo Supp. 1991, relates to the providing of special educational services. Such section provides in part:
 162.996. Handicapped children attending private, parochial, parish or home schools, districts may provide special educational services — state aid, how calculated. — 1. Special educational services may be offered during the regular school day. Children who attend special educational services in the district and who otherwise attend a private, parochial, parish or home school shall be in compliance with section 167.031, RSMo.
* * *
 5. No resident child shall be denied or discriminated against in special educational services offered by a school district on the grounds that the child regularly attends a private, parochial, parish or home school. [Emphasis added.]
Other statutory provisions also relate to part-time public school attendance by certain students. See, for example, Sections 162.685(5), 167.051, 178.300 to 178.360, RSMo 1986; and Section 167.328, RSMo Supp. 1991. However, with the exception of Section 162.996 relating to providing special educational services, there are no statutes requiring a public school to allow part-time attendance of classes by home-schooled students.
We conclude, in conformity with Attorney General Opinion No. 144, James, 1971, a school district could allow a home-schooled student who completes the full one thousand hours of home-school instruction required by Section 167.031.2(2)(b) to attend public school classes on a part-time basis. However, with the exception of the mandate for special educational services, a school district is not required to provide such a part-time arrangement.[2]
 CONCLUSION
It is the opinion of this office that a public school district is not required to allow a home-schooled student between seven and sixteen years of age to attend public school classes on a part-time basis, except as required by Section162.996, RSMo Supp. 1991, relating to providing special educational services.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 144, James 1971 Opinion No. 133, Jasper, 1971 Opinion No. 73, James, 1973
[1] Section 160.041, RSMo 1986, defines a "minimum school day" as consisting of "three hours in which the pupils are under the guidance and direction of teachers in the teaching process. . . ."
[2] In Attorney General Opinion No. 144, James, 1971, the public technical-vocational school in question was a willing participant in the proposed shared arrangement.