[EDITORS' NOTE: OPINION NO. 135-92 HAS BEEN WITHDRAWN.]
Richard C. Rice, Director Department of Public Safety Post Office Box 749 Jefferson City, Missouri 65102
Dear Director Rice:
This opinion is in response to your question asking:
 In your opinion, as attorney general, would the act of a law enforcement officer requesting a subject to blow into a Pre-Breath Test (PBT) device, for express purpose of determining the presence of alcohol in the subject's breath, constitute a test under Missouri's two-test rule?
Along with your question, you state:
 During the past sixty days, the Missouri Department of Public Safety and the Division of Highway Safety have sponsored testing of the Pre-Breath Test (PBT) devices (small tubes with a crystal-like substance inside that change color when alcohol is present in the lung air that is blown through it by the subject) in the Breath Instrument Training Lab at Central Missouri State University. The purpose of this testing was to determine the reliability and performance of a representative group of devices currently on the market.
 Several aspects you may want to consider while making this decision are: (1) these devices and other similar devices are currently available to the public in several different forms to allow self-testing; (2) these devices do not retain the color change (color changes to indicate approximate range of alcohol level); (3) there is no means for a print-out or any long-term preservation of the results as evidence of the test.
 Most law enforcement personnel see this device simply as an extension of the officer's ability and senses, thus serving as part of the overall probable cause to require a breath test to prove impairment.
Section 577.020, RSMo 1986, provides:
 577.020. Chemical tests for alcohol content of blood — consent implied — administered, when, how. — 1. Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent to, subject to the provisions of sections 577.020 to 577.041, a chemical test or tests of his breath, blood, saliva or urine for the purpose of determining the alcohol or drug content of his blood if arrested for any offense arising out of acts which the arresting officer had reasonable grounds to believe were committed while the person was driving a motor vehicle while in an intoxicated or drugged condition. The test shall be administered at the direction of the arresting law enforcement officer whenever the person has been arrested for the offense.
 2. The implied consent to submit to the chemical tests listed in subsection 1 of this section shall be limited to not more than two such tests arising from the same arrest, incident or charge.
 3. Chemical analysis of the person's breath, blood, saliva, or urine to be considered valid under the provisions of sections 577.020 to 577.041 shall be performed according to methods approved by the state division of health by licensed medical personnel or by a person possessing a valid permit issued by the state division of health for this purpose.
 4. The state division of health shall approve satisfactory techniques, devices, equipment, or methods to be considered valid under the provisions of sections 577.020 to 577.041 and shall establish standards to ascertain the qualifications and competence of individuals to conduct analyses and to issue permits which shall be subject to termination or revocation by the state division of health.
 5. The person tested may have a physician, or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing and at his expense administer a test in addition to any administered at the direction of a law enforcement officer. The failure or inability to obtain an additional test by a person shall not preclude the admission of evidence relating to the test taken at the direction of a law enforcement officer.
 6. Upon the request of the person who is tested, full information concerning the test shall be made available to him. [Emphasis added.]
The Department of Health has promulgated a rule codified at19 CSR 20-30.050 approving certain breath analyzers.19 CSR 20-30.050 provides in part:
 19 CSR 20-30.050 Approved Breath Analyzers, Chemical Test Reagents and Standards
 PURPOSE: This rule enumerates those breath analyzers, chemical reagents and standards which are approved by the Department of Health for the determination of the alcoholic content of blood from a sample of expired (alveolar) air. The chemical composition and tolerances for the test ampoules are also defined.
(1) Approved breath analyzers are —
 NAME OR ITEM MANUFACTURER Breathalyzer, Models National Draeger, Inc., 900 and 900A Pittsburgh, PA (formerly Smith Wesson Corp., Springfield, MA — formerly Stephenson Corporation, Red Bank, NJ Eatontown, NJ)
 Alco-Analyzer, Luckey Laboratories, Inc. Model 2000 San Bernardino, CA
 Intoximeter, Model 3000 Intoximeters, Inc., St. Louis, MO
 Intoxilyzer, Model 5000 CMI, Inc., a subsidiary of Federal Signal Corp., Minturn, CO
 BAC Verifier and National Patent Data Master Analytical Systems, Inc., a subsidiary of National Patent Development Corporation, East Hartford, CT, (formerly Verax Systems, Inc., Fairport, NY)
* * *
The Pre-Breath Test (PBT) device described in your question does not appear in the list of breath analyzers approved by the Department of Health.
Legislative intent should be ascertained from the language used, considering words in their plain and ordinary meaning.Wolff Shoe Company v. Director of Revenue, 762 S.W.2d 29, 31
(Mo. banc 1988). Section 577.020.2 plainly limits the implied consent to submit to a chemical test to "not more than two such tests arising from the same arrest, incident or charge." Since the Pre-Breath Test is a chemical test of the person's breath, it would constitute a test for purposes of Section 577.020.2. However, such a test would not be valid because Section577.020.3 provides that for a test under Section 577.020 to be valid, it must be performed according to methods approved by the Department of Health.
CONCLUSION
It is the opinion of this office that a Pre-Breath Test (PBT) using a device not approved by the Department of Health would constitute a chemical test of a person's breath under Section 577.020.2, RSMo 1986.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General