The Honorable Joseph Ortwerth Representative, District 18 State Capitol Building, Room 101-E Jefferson City, Missouri 65101
Dear Representative Ortwerth:
This opinion is in response to your questions asking:
 May a county of the first-class having a charter form of government and not containing any part of a city of 350,000 inhabitants:
 (a) levy a tax to exceed twenty cents per each one hundred dollars assessed valuation?
 (b) levy a tax to exceed twenty cents per each one hundred dollars assessed valuation if the county had a higher tax rate prior to the adoption of a charter?
Your opinion request refers to the Handicapped Facilities Board of St. Charles County which was formed pursuant to Sections 205.968, RSMo, et seq. Your apparent concern is whether the taxing authority of St. Charles County provided for in Sections 205.968, RSMo, et seq., will change if St. Charles County becomes a charter county. According to the information you have provided to us, St. Charles County is now a first class county without a charter form of government and does not contain any part of a city of 350,000 inhabitants.
Sections 205.968, RSMo, et seq., were amended by Senate Substitute for Senate Committee Substitute for House Substitute for House Committee Substitute for House Bill No. 1383, 85th General Assembly, Second Regular Session (1990). Section205.968, RSMo Supp. 1991, provides in part:
 205.968. Facilities authorized — persons to be served, limitations, definitions. — 1. The governing body of any county or city not within a county in this state may establish a sheltered workshop as defined in section 178.900, RSMo, residence facility, or related services, or any combination of any such sheltered workshops, residence facilities, or related services, for the care or employment, or both, of handicapped persons. The facility may operate at one or more locations in the county or city not within a county.
* * *
Sections 205.971 and 205.972, RSMo Supp. 1991, concerning the tax levy, provide:
 205.971. Tax levy, approval, use. — The county commission or other governing body of the county, except for
a county of the first class having a charter form of government containing in part a city with a population of more than three hundred fifty thousand inhabitants, or a county of the first class having a charter form of government and not containing any part of a city of three hundred fifty thousand inhabitants may, upon approval of a majority of the qualified voters of such county thereon, levy and collect a tax not to exceed four mills per dollar of assessed valuation upon all taxable property within the county for the purpose of establishing and maintaining the county sheltered workshop, residence, facility and/or related services. The county commission or other governing body of a county of the first class having a charter form of government containing in whole or part a city with a population of more than three hundred fifty thousand inhabitants, or a county of the first class having a charter form of government and not containing any part of a city of three hundred fifty thousand inhabitants,
or a city not within a county may, upon approval of a majority of the qualified voters of such county or city voting thereon, levy and collect a tax not to exceed two mills per dollar of assessed valuation upon all taxable property within such county or city for the purpose of establishing and maintaining the county or city sheltered workshop, residence, facility and/or related services. The tax so levied shall be collected along with other county taxes, or in the case of a city not within a county, with other city taxes, in the manner provided by law. All funds collected for this purpose shall be deposited in a special fund of the facility, and shall be used for no other purpose. Deposits in the fund shall be expended only upon approval of the facility's board of directors. [Emphasis added.]
 205.972. Maximum tax — ballot form. — 1. The tax may not be levied to exceed forty cents per each one hundred dollars assessed valuation therefor except for a county of the first class having a charter form of government containing in whole or part a city with a population of more than three hundred fifty thousand inhabitants, or a county of the first class having a charter form of government and not containing any part of a city of three hundred fifty thousand inhabitants,
or a city not within a county voting thereon shall not levy a tax to exceed twenty cents per each one hundred dollars assessed valuation therefor. [Emphasis added.]
* * *
The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. Wolff Shoe Companyv. Director of Revenue, 762 S.W.2d 29, 31 (Mo. banc 1988).
Sections 205.971 and 205.972, RSMo Supp. 1991, authorize counties to levy and collect a tax not to exceed "four mills per dollar of assessed valuation" or "forty cents per each one hundred dollars assessed valuation," respectively. However, an exception exists in each of the above statutes for certain counties, including "a county of the first class having a charter form of government and not containing any part of a city of three hundred fifty thousand inhabitants." Counties falling within the exception shall levy a tax not to exceed "two mills per dollar of assessed valuation" or "twenty cents per each one hundred dollars assessed valuation." Sections 205.971 and205.972, RSMo Supp. 1991, respectively.
Based on the plain language of the foregoing provisions, we conclude that a county of the first class having a charter form of government and not containing any part of a city of 350,000 inhabitants may not levy a tax in excess of twenty cents per each one hundred dollars assessed valuation.
We find no authority that would create a special exception for a first class charter county which had a higher tax rate prior to the adoption of a charter. Once a first class county becomes a charter county as described in Sections 205.971 and205.972, RSMo Supp. 1991, the requirements of these sections apply. In a similar situation, in Attorney General Opinion No. 62, Milfelt, March 7, 1961, a copy of which is enclosed, this office concluded that Section 137.177, RSMo Ann. 1957, ceased to apply to Jefferson County when Jefferson County changed from third class to second class status.
CONCLUSION
It is the opinion of this office that a first class county having a charter form of government and not containing any part of a city of 350,000 inhabitants is not authorized to levy a tax pursuant to Sections 205.971 and 205.972, RSMo Supp. 1991, in excess of twenty cents per each one hundred dollars assessed valuation even if such county had a higher tax rate prior to the adoption of the charter.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 62, Milfelt, March 7, 1961